IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CECIL McLENDON, et al., Plaintiffs, vs. THE CONTINENTAL GROUP, INC., et al. Defendants | Civil Action No. 83-1340 (SA)<br>Hon. Dickinson R. Debevoise, Judge Presiding<br>Professor George L. Priest, Special Master |
| ALBERT J. JAKUB, et al., Plaintiffs, vs. THE CONTINENTAL GROUP, INC., et al. Defendants | Civil Action No. 89-4009 |
| ROBERT GAVALIK, et al., Plaintiffs, vs. THE CONTINENTAL GROUP, INC., et al. Defendants | Civil Action No. 89-4066 |

**ORDER AUTHORIZING PROCEDURES FOR DISTRIBUTING UNPAID AWARDS TO SUCCESSORS OF CERTAIN CLASS MEMBERS AND OFFER OF SETTLEMENT PARTICIPANTS WHO ARE DECEASED OR WHO CANNOT BE LOCATED**

The Court has been apprised that the following categories of unpaid awards ("award(s)") remain in the McLendon/Gavalik Settlement Fund:

1) amounts that would be payable as the third residual payment to successors of certain class members who are deceased or who cannot be located;

2) amounts representing employee FICA tax refunds that were transferred to the Settlement Fund for payment to certain class members or Offer of Settlement participants who are deceased or who cannot be located;

3) amounts to be distributed as the final residual payment to successors of certain class members who are deceased or who cannot be located.

With respect to deceased class members, in situations in which a class member did not execute prior to death a valid Beneficiary Designation Form as provided by the Order of this Court of January 10, 1994, it has been the practice of the Special Master to request that there be a state-court-appointed payee, e.g., an estate administrator or personal representative, to receive payment of a class member's share. In cases in which an estate had been opened and then closed, the Special Master routinely required that the estate be reopened for residual payments, necessitating that a successor representative be appointed in cases where the representative of record was deceased. The Special Master has also requested, when appropriate, state-court estate papers in order to distribute the shares of deceased class members. With respect to class members who cannot be located, but who are not known to be deceased, the Special Master has retained the class member's award(s), to be distributed upon location of the class member.

The Court has been informed that in some cases the awards now at issue are too small to warrant the expenditure of funds by family members to open or reopen an estate or to become a successor personal representative of an estate. In such contexts, simplifying the Special Master's procedures for distributing the remaining awards to the successors of those class members who did not submit Beneficiary Designation Forms who are deceased or who cannot be

located or the remaining awards of Offer of Settlement Participants who are deceased or who cannot be located will reduce delays in completing all remaining distributions from the Settlement Fund, help insure that the Settlement Fund is completely distributed, and reduce costs to the Settlement Fund in implementing the Plan of Distribution, all to the benefit of the class.

The purpose of this Order is to achieve these benefits and to make clear that the Settlement Fund wholly satisfies its obligations with respect to a class member's residual award(s) or the award of the class member's or Offer of Settlement participant's employee tax refund if the Settlement Fund makes payment on behalf of a class member or Offer of Settlement participant who is deceased or who cannot be located after reasonable effort to a person or persons submitting a suitable affidavit or declaration.

With respect to a deceased class member who did not execute a valid Beneficiary Designation Form or a deceased Offer of Settlement participant, the affidavit or declaration must include: 1) the name and address of each signer; 2) the name of the deceased class member or Offer of Settlement participant ("person"); 3) an averment that each signer is a lawful successor or the custodian of a lawful successor of the deceased person; 4) the relationship of each signer to the deceased person; and, for purposes of verification, 5) the date and place of the person's death. The purpose of the affidavit or declaration is to allow the Special Master to verify the eligibility of each signer to receive awards due the class member or Offer of Settlement participant under the relevant laws of intestacy, and to identify any other members of the person's family who would be eligible to receive such awards.

For the affidavit or declaration to be effective, each signer must recite that he or she is the successor or the custodian of a minor successor of the class member or Offer of Settlement participant under the laws of the state in which the person resided prior to his or her death, either

as the sole surviving child(ren) of the person or in another capacity, as well as stating the reason that the affidavit or declaration is necessary. As an alternative, an affidavit may be submitted by an attorney who has agreed to act as an escrow agent for receipt and payment of a distribution due a deceased class member or Offer of Settlement participant. Such an affidavit should include the same information, modified as appropriate. The affidavit or declaration must state that the signer(s) agree(s) to receipt of a distribution or distributions from the Settlement Fund on the condition that the signer(s) will make payment of the distribution amount in the shares specified in the governing intestacy statute to the identified successors of the person or that the signers agree that the Settlement Fund can make distributions to each of the successors in appropriate amounts.

With respect to class members who cannot be located after reasonable effort, the Special Master shall treat the class member as if deceased and distribute any remaining award according to the provisions established with respect to a valid Beneficiary Designation. Absent a valid Beneficiary Designation, successors to a class member or Offer of Settlement participant who cannot be located after reasonable effort may submit an affidavit or declaration as provided for above. In place of the requirement that the affidavit or declaration include the date and place of the person's death, the affidavit or declaration with respect to succession to a person who cannot be located shall include a statement of the last known address of the person.

The Court also finds that it is appropriate for the Special Master to assign a deadline for the submission of such affidavits or declarations in order to complete the settlement.

In circumstances in which beneficiaries or successors of beneficiaries designated by a class member in a valid Beneficiary Designation Form cannot be located after reasonable effort,

the Special Master shall distribute any remaining award or share of an award to the remaining beneficiaries in proportion to their shares of the award.

The Court finds that it has the authority to enter this Order both under Rule 23 of the Federal Rules of Civil Procedure and under the Employee Retirement Income Security Act of 1974. Invoking both sources as individually sufficient, the Court

ORDERS:

1. Where a class member cannot be located after reasonable effort as determined by the Special Master, the Special Master shall distribute that class member's award(s) according to a valid Beneficiary Designation Form submitted by the class member. In the absence of a valid Beneficiary Designation Form, the Special Master shall allow a successor or the custodian of a successor of the class member to submit an affidavit or declaration of entitlement to receive the class member's remaining award(s) from the Settlement Fund, which affidavit or declaration shall contain the information set out above.

2. Where an Offer of Settlement participant cannot be located after reasonable effort as determined by the Special Master, the Special Master shall allow a successor or the custodian of a successor of the participant to submit an affidavit or declaration of entitlement to receive the participant's remaining award from the Settlement Fund, which affidavit or declaration shall contain the information set out above.

3. Where a class member is deceased but did not execute a valid Beneficiary Designation Form, the Special Master shall allow a successor or the custodian of a successor of the class member to submit an affidavit or declaration of entitlement to receive the class member's remaining award(s) from the Settlement Fund, which affidavit or declaration shall contain the information set out above. The Special Master shall afford the same procedure with respect to deceased Offer of Settlement participants.

4. The Special Master shall have authority to determine whether an affidavit or declaration complies with the requirements of this Order and contains information sufficient to enable the Special Master to approve a distribution to the individual(s) submitting the affidavit or declaration. The determination of the Special Master to approve or disapprove a distribution provided for in this Order shall be final and is not subject to contest in any state court. Application may be made to this Court for review of a determination of the Special Master within 30 days thereof.

5. The Special Master shall mail an appropriate letter explaining the relevant provisions of this Order to all persons known to the Office of the Special Master at the time of the letter as eligible to submit an affidavit or declaration on behalf of a class member or Offer of Settlement participant who is deceased or who cannot be located.

6. Any affidavit or declaration with respect to a deceased class member's third residual award from the Settlement Fund must be submitted to the Office of the Special Master no later than May 31, 2007.

7. Any affidavit or declaration with respect to the award of the employee tax refund to class members or to Offer of Settlement participants who are deceased or who cannot be located must be submitted to the Office of the Special Master no later than July 31, 2007.

8. Any affidavit or declaration with respect to the final residual award of a class member who is deceased or who cannot be located must be submitted to the Office of the Special Master no later than July 31, 2007.

9. The Special Master may extend these deadlines for just cause.

10. If a distribution of an unpaid award to two or more individuals fails for any reason, that award shall pass to the other individual or individuals in proportion to the interest of each in the remaining part of the award.

11. Any award that cannot be distributed to a class member or to an Offer of Settlement participant or to his or her beneficiaries or successors according to the terms of this or earlier Orders by July 31, 2007 shall lapse, and the monies represented by those awards will revert to the Settlement Fund.

ENTER:

Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.D.J.

Date: April 6, 2007