UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CECIL McLENDON, et al. | : | |
| | : | Civ. No. 83-1340(DRD) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE CONTINENTAL GROUP, INC., et al., | : | |
| _____ | : | |
| | : | |
| ALBERT J. JAKUB, et al., | : | Civ. No. 89-4009(DRD) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE CONTINENTAL GROUP, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| ROBERT GAVALIK, et al., | : | Civ. No. 89-4066(DRD) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **Approval of Reports** |
| THE CONTINENTAL GROUP, INC., et al., | : | **of Special Master** |
| | : | |
| Defendants. | : | |
| _____ | : | |

*Appearances:*

    Rose A. Wehner, Esq.
    Law Offices of Rose A. Wehner, P.C.
    122 S. Michigan Ave., Suite 1850
    Chicago, IL 60603
        Attorney for Plaintiffs,
        Cecil McLendon, et al.,

>Roslyn Litman, Esq.
>Litman & Litman
>One Oxford Center, 34th Street
>Pittsburgh, PA 15219-6401
>>Attorney for Plaintiffs,
>>Albert J. Jackub, et al.
>>      and
>>Robert Gavalik, et al.

**Debevoise, Senior District Judge**

This action was settled through a Settlement Agreement dated December 19, 1990 pursuant to which the settlement monies were and are being distributed according to a Plan of Distribution. Special Master George L. Priest supervised the extraordinarily complex distribution process, complicated by the length of time required to effect distributions, the necessity to apply for FICA tax refunds, dispersal and deaths of class members and settlement participants.

Preliminary distributions have been made from time to time and steps are being taken to make a final distribution. As part of these preparations the Special Master has submitted a Report and Recommendation and a First Supplemental Report and Recommendation with Respect to Certain Class Members Overpaid during the Distribution of the Settlement Fund. Three classes of class members received overpayments: (i) class members whose Continental payroll records failed to indicate a recall or receipt of a pension; (ii) a small number of individuals whom the accountants overpaid because of administrative errors; and (iii) recalled workers whose claims the Court resolved by an order dated September 1, 1997.

In each case when an overpayment was detected the class member was contacted by the attorneys for the class or the Special Master and repayment requested. Except in one case

repayment was impractical.  Upon agreement of counsel for the class and the Special Master, agreements were subsequently reached with each affected class member to return to the Settlement Fund all overpaid amounts placed into the pension fund and to deduct the pre-tax amounts overpaid from subsequent pre-tax residual awards, with the promise of the Special Master's Office that it would not seek repayment of the cash overpayment should subsequent residual awards not equal the amount of the overpayment.  The accountants have agreed to repay to the Settlement Fund any amounts that remain overpaid following recoupment through residual awards and FICA tax refunds, including through the final fourth residual award.

      The Report sets forth the exact amounts of residual awards retained in the Settlement Fund or subsequently paid out to each of these class members.  The Report in redacted form was sent to each affected class member or, if deceased, to his or her successor on September 1, 2009, providing Notice of the filing of the Report and of the hearing scheduled for October 5, 2009 to hear the report.  Following the determination of the final fourth residual award, the Special Master will inform each class member who has been overpaid or who has satisfied the initial overpayment of the final accounting and will file a Supplemental Report memorializing for each affected class member the final overpayment calculation.

      The First Supplemental Report and Recommendation reports responses received by the Office of the Special Master through September 29, 2009.  No class member or class member relative objected to the Report and Recommendation.  The daughter of class member James R. Martin, Glenda C. Fuller, contested the Special Master's conclusion that both an original FICA tax refund check in the amount of $450.22 and a substitute check in that amount had been cashed, resulting in a double payment.  There is no dispute over the double payment and the

Special Master recommends that if Ms. Fuller returns the amount of the overpayment no further action be taken and that if she does not return that amount be deducted from the amount of Mr. Martin's final fourth residual award.

The First Supplemental Report and Recommendation lists individuals whose notice letters were returned. Efforts were made to resend the letters. The Special Master recommends that if further objections are received and found to be meritorious prior to the determination of the amount of the final fourth distribution, that person's payment should be included in that distribution; that if an objection is received and is found to be meritorious subsequent to the determination of the final fourth residual distribution, that person's payment should be paid pro-rata as provided in the original Report and Recommendation.

The Special Master has also filed a Report and Recommendation and a First Supplemental Report and Recommendation with Regard to the Waiver of Certain Settlement Payments.

In the course of the distribution of the monies obtained through the Settlement Agreement dated December 19, 1990, according to the Plan of Distribution approved by the Court, the Special Master has concluded that certain payments from the settlement to a small number of class members and settlement participants are unable to be sent or should not be sent. The most common reason for the inability is the loss of contact between the Office of the Special Master and either the class member or settlement participant or, where the class member or settlement participant is known to have died, his or her relatives or beneficiaries. In a small number of cases the class member or settlement participant or his or her beneficiaries has clearly indicated a desire not to participate further in the settlement.

The Report describes in detail the intensive efforts that the attorneys for the class and the Special Master's Office have made to locate these missing persons.  Despite these efforts the Office and the class attorneys have been unable to maintain current contact with a substantial number of class members and settlement participants.  The Special Master and the attorneys for the class are about to conclude the settlement and distribute the last of the settlement monies to members of the class and conclude that in these circumstances the settlement shares or the FICA tax refunds of these missing persons must be declared as having been waived, to be distributed in appropriate proportion according to the Plan of Distribution to those members of the class who qualify for the final residual award.

The Report lists each affected class member or settlement participant, sets forth the efforts to communicate with him or her or his or her relatives as well as the settlement payments that the Special Master's office is unable to pay.  In many cases the Report recommends the waiver of a class member's final fourth award.  The amount of that award will not be determined until an Order is entered waiving earlier awards and FICA refunds, as appropriate, and after the final accounting and reserve judgment are complete.  Following those tasks, the Special Master will file another Supplemental Report with the Court memorializing for each affected class member the amount waived as the final fourth residual award.

The Special Master recommends that if any of the missing class members, settlement participants, or their heirs or beneficiaries are subsequently located, they be paid from the reserve amount retained in the Settlement Fund following the distribution of the final fourth residual award or, if that amount is insufficient for full payment, pro rata from the amount remaining.

The Special Master's Office published Notice of the filing of the Report and

Recommendation of the Special Master with Regard to the Waiver of Certain Settlement Payments and of the October 5, 2009 hearing on the Report in USA Today on September 1, 2009. Where the Office possessed a valid address for any class member, settlement participant or designated beneficiary, a direct letter was sent to that person or, if deceased, to his or her successors on September 1, 2009, providing an individually redacted copy of the Report and Notice of the October 5, 2009 hearing.

This First Supplemental Report and Recommendation reports responses received by the Office of the Special Master through September 29, 2009. The Office received one objection to the Report, that of Ms. Leola H. Towns, who objects to the Recommendation that remaining settlement awards to Robert L. Hardy be considered as having been waived.

The Original Report and Recommendation describes in detail the payments to Mr. Hardy of the initial award and the first and second residual awards and the attempts to locate his children, the lawful successors of Mr. Hardy. Three of the children could not be located and the fourth child, Orlando Hardy did not respond to communications. Ms. Towns is Mr. Hardy's sister and seeks Mr. Hardy's third residual award equal to $9,455.62, his FICA tax refund equal to $2,483.46 and his final fourth residual award.

The Court concludes that Mr. Orlando Hardy's failure to submit a Declaration was the equivalent of being missing. With respect to several other class members, where the Office was unable to locate lawful successors, the Office sent Declaration forms to other family members. The Declaration requires that the person attest that he or she is the lawful successor to the class member. Prior to discovering Mr. Orlando Hardy's address, the Office sent a Declaration to Ms. Towns, which she has submitted. The Court finds that if the Declaration states that she is the

lawful successor to Robert L. Hardy, Mr. Orlando Hardy should be deemed to have waived any interest he may have in the Settlement Fund and any remaining payment attributable to Robert L. Hardy shall be paid to his sister Ms. Leola H. Towns.

Under the circumstances described in the First Supplemental Report and Recommendation class member Paul Lambert's award will not be considered as having been waived, and the Special Office shall process in its normal course the Declaration forms submitted by his relatives.

The Special Master's Office received two letters that the Special Master found to be fraudulent. The First Supplemental Report sets forth the reasons for this finding, with which the Court agrees.

The First Supplemental Report recites that the Special Master's Office learned through return mail that some listed individuals had changed addresses. Efforts were made to resend the Report and Recommendation. It is the Special Master's recommendation that if an objection is received and found to be meritorious prior to the determination of the final fourth residual distribution, that person's payment should be included in that distribution. It is the Special Master's further recommendation that if an objection is received and found to be meritorious subsequent to the determination of the amount of the final fourth residual distribution, that person's payment should be paid pro rata as provided in the original Report and Recommendation.

A hearing on the two Reports and the two Supplemental Reports was held on October 5, 2009. The Special Master summarized their contents and the attorneys for the class members spoke in their support. The Special Master described the responses and objections to the two

original Reports. The Court has reviewed each Report and Recommendation, and each First Supplemental Report and Recommendation, and, pursuant to Fed. R. Civ. P. 53(f)(1), approves the same and adopts them as rulings of the Court. The Court will file an order implementing the foregoing.

                                          */S/ Dickinson R. Debevoise*

October 6, 2009                         DICKINSON R. DEBEVOISE
                                                 U.S.S.D.J.