**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CECIL McLENDON, et al.,                    :

     Plaintiffs,                         :        Civ. No. 83-1340 (DRD)

     v.                                  :

THE CONTINENTAL GROUP, INC., et al.,:

     Defendants.                         :

                                               :

ALBERT J. JAKUB, et al.,                    :        Civ. No. 89-4009

     Plaintiffs,                         :

     v.                                  :

THE CONTINENTAL GROUP, INC., et al.,:

     Defendants.                         :

                                               :

ROBERT GAVALIK, et al.,                     :        Civ. No. 89-4066

     Plaintiffs,                         :

     v.                                  :

                                               :        **ORDER APPROVING AND ADOPTING**

THE CONTINENTAL GROUP, INC., et al.,:        **REPORT AND RECOMMENDATION**

                                               :        <u>**OF SPECIAL MASTER**</u>

     Defendants.                         :

It appearing that:

    1.  Raymond Fett, Jr., has claimed that he is a member of the class in this litigation, and it

appeared that he was not acknowledged as such because of a mistake made with respect to his

address at the outset of class member identification.

2.  By reason of the ambiguity of the records of Continental Can, class member settlement monies to which Raymond Fett, Jr., was entitled were mistakenly sent to Robert Fett, Sr., and Edna Fett, who misappropriated the funds.  They were the uncle and step-aunt of Robert Fett, Jr.

3.  The Court entered an Order of June 20, 1997 terminating new claims against the Settlement Fund.  Raymond Fett, Jr., did not identify himself or file a claim for class membership prior to that date.  He did not file a claim until contacted by the Special Master's Office, through whose efforts he had been identified.

4.  The Special Master reviewed Raymond Fett, Jr.'s claim and issued a Report and Recommendation dated July 7, 2011.  The Report and Recommendation contains a detailed description of the circumstances of the original inability to locate Raymond Fett, Jr. and the manner in which he was finally located.

5.  The Report and Recommendation found that the available evidence supported Raymond Fett, Jr.'s claim and that the appropriate shares should have been sent to him.  The Report and Recommendation recommended that i) Raymond Fett, Jr. be admitted as a member of the class and be paid the full settlement award given in the Plan of Distribution approved by the Court and ii) Raymond Fett, Jr., shall not be awarded interest, attorneys' costs and fees, beyond the fee and cost awarded to the class attorneys.

6.  Copies of the Report and Recommendation were mailed on July 7, 2011 to Raymond Fett, Jr.'s attorney, Joseph T. FitzSimmons, Esq., and to the attorneys for the class.  They were advised that they had one month from the date of receipt, presumably July 8, 2011, to file an objection to the Report and Recommendation.

7.  Counsel for the class, Rose A. Wehner, Esq., Roslyn M. Litman, Esq., and Martha S.

Helmreich, Esq., each responded that she had read the Report and Recommendation of the Special Master, had reviewed the underlying facts and advised that she had no objections.  No objections were filed by any party, including Mr. Raymond Fett, Jr.

It is, therefore, this **25th** day of August, 2011 **ORDERED** as follows:

1.  The Court approves and adopts as its own the Special Master's Report and Recommendation.

2.  Raymond Fett, Jr., shall be admitted as a member of the class and shall be paid the full settlement award given in the Plan of Distribution approved by the Court.

3.  Raymond Fett, Jr., shall not be awarded interest, attorneys' costs and fees beyond the fee and cost awarded to the class attorneys.


DICKINSON R. DEBEVOISE
U.S.S.D.J.