IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CECIL McLENDON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 83-1340 (SA) |
| ) | |
| THE CONTINENTAL GROUP, INC., et al., ) | Hon. Dickinson R. Debevoise, |
| ) | Judge Presiding |
| Defendants. ) | |
| ) | George L. Priest, |
| ) | Special Master |
| _____ ) | |
| ) | |
| ALBERT J. JAKUB, et al., ) | Civil Action No. 89-4009 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE CONTINENTAL GROUP, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |
| ) | |
| ROBERT GAVALIK, et al., ) | Civil Action No. 89-4066 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE CONTINENTAL GROUP, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## Report and Recommendation of the Special Master With Regard to the Termination of the Settlement

Suit was filed in this litigation in Gavalik, supra, in 1981; in Jakub, supra, in 1982; and in McLendon, supra, in 1983. Each lawsuit alleged violations of § 510 of the Employee Retirement

Income Security Act (ERISA), 29 U.S.C. § 1140, and of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et. seq. Two lengthy trials were conducted and appeals followed both. In 1987, the Third Circuit Court of Appeals ruled that the defendants' Liability Avoidance Plan as implemented at Plants 72 and 478 Pittsburgh constituted a violation of ERISA. Gavalik v. Continental Can. Co., 812 F.2d 834 (3d Circ. 1987), cert. denied, 108 S.Ct. 495, 98 L.Ed.2d (1987). In 1989, this Court found that the defendants' implementation of the Liability Avoidance Program at Plant 73 St. Louis constituted the determining factor in the layoffs of 315 class members. McLendon v. Continental Group, 749 F.Supp. 582 (1989), affirmed by the Third Circuit in McLendon v. Continental Can Co., 908 F.2d 1171 (1990). The cases were consolidated before the Honorable H. Lee Sarokin and, subsequently, the Honorable Dickinson R. Debevoise, both extremely distinguished judges.

The parties settled the case, without a concession of liability, on December 19, 1990 for the sum of $415 million, a settlement which, after careful consideration, this Court approved. Subsequent amendments to the Settlement Agreement provided for payments to additional Continental Can employees not members of the class, but potentially affected by the Continental program.

The attorneys for the class believed that the settlement monies, from which, according to the terms of the Settlement Agreement, full income taxes were withheld, constituted personal injury damages and, thus, should be exempt from income taxation under the Internal Revenue Code. Negotiations, including litigation reaching four separate Courts of Appeal, were concluded with a settlement with the Internal Revenue Service of a partial, though substantial, return of withheld taxes to affected class members or their successors.

In sum the total of $418,047,492.52 million was disbursed to class members and Special Settlement Participants or successors; another $7,110,888.00 million in tax refunds. All class members and Special Settlement Participants or their successors, with the exception of those that could not be located or who otherwise waived payment, have been paid. Judge Sarokin and, later, Judge Debevoise administered the settlement with exceptional judgment and fairness.

There were additional achievements of the litigation. With the substantial aid of Professors Judith Resnik and John H. Langbein, the Court approved the implementation of several procedures of important assistance in the administration of class action settlements, for spouses of class members, and for class actions that run, as has this litigation, over lengthy periods of time:

1) an Order providing for the notification of former spouses of class members or settlement participants, giving them the opportunity to file state-court approved child support or marital orders against the settlement share of a class member. In this case, many hundreds of former spouses filed unpaid child support or marital orders that were levied by this Order against class member shares;

2) an Order providing for the designation by a class member of beneficiaries to receive subsequent payments from the settlement fund in case of a class member's death without the necessity of opening an estate; and

3) an Order providing that successors of a deceased class member could declare their status as heirs, again without the necessity of opening an estate.

To my knowledge, each of these Orders and processes approved by the Court is unique to this litigation and, after the settlement is complete, will be more generally publicized in the legal community, to the benefit of future class action litigation.

The litigation and the settlement could not have been completed without the extraordinary efforts of the attorneys for the class. Many attorneys worked on the case but of particular note are the class attorneys Daniel P. McIntyre and the late Robert Plotkin with regard to the litigation and John G. Jacobs, Rose Wehner, Roslyn Litman and Martha Helmreich with

regard to both the litigation and the settlement. The accountant for the class, now McGladrey LLP, especially Frank Barkan and Sue Mouck, have immensely contributed to the settlement, as did the economists David Wise and Kenneth I. Wolpin. The defense attorneys, the late George F. Heiden and Fred H. Bartlit, Jr., substantially facilitated the settlement.

The implementation of the settlement and the distribution of settlement fund amounts was aided by many who worked at the Office of the Special Master: Daniel Abrams, Suzanne Beebe, Jody Bill, Jayne Bishop, Lynn Bishop, Mary Bonner, Joseph Braude, Phoebe Brown, Jacob Buchdahl, Kathleen Camacho, Joseph Carbonnell, Maureen Carney, Barbara Carroll, Robert Cewe, Cathy Cole, Patrick Corry, Emily Crocco, Pasquale Crocco, Caroline Davies, Omar Figueroa, Eileen Florio, Madelyn Ginty, Jennifer Gonzalez, Catherine Gootkin, David Greenspon, Greg Haffner, Helen Hocking, Brett Howard, Ingrid Kiefer, April Leffler, Theodore Legeyt, III, John Lewis, Patricia Loughery, Kelly Mangs-Hernandez, Prabhat Mehta, Heather Mette, Kay Mickelson, Lynn Murinson, Thomas Murray, Kristin Neil, Thomas O'Rourke, Donna Pinkston, Thomas Priest, Marsha Reid, Barbara Renckowski, Heather Renckowski, Linda Ricci, Stephen Rivera, Theresa Sharretto, Lisa Silvia Mette , Elif Sinanoglu, Patricia Spiegelhalter, Sylvia Sherretz, Austin Troy, Tiffany West, Jason Wolff, Maged Yassin, and in particular by Karen Crocco and Patricia A. Florio who, among other extraordinary efforts, have worked valiantly to effectuate the distribution of settlement monies to all class members and to Special Settlement Participants.

Attached as an Appendix is a proposed Order releasing all participants in this litigation and settlement from any claims or liabilities related to their participation and providing for the destruction of documents related to the litigation and the files, including personal files, of all

4

participants in the litigation. The Master recommends that the Court approve and enter this Order.

At this moment, there is a small amount of money remaining in the Settlement Fund, insufficient to pay in full the outstanding costs and fees of the attorneys' and accountant for the class, but sufficient to pay the amounts reserved. By an earlier Order of this Court, the attorneys and accountant for the class were asked to submit binding promises with respect to fees and costs for the remainder of the settlement, in particular, for the fourth and final residual distribution, amounts for which the Master created reserves. Several of the attorneys and especially the accountant have incurred costs and fees exceeding the amounts reserved. The Court's Order provided that the amounts exceeding the reserves be paid proportionately from remaining Settlement Fund assets. Once all of the costs and fees have been determined, the Master will report to the Court the disposition of the final Settlement Fund assets.

Finally, I would like personally to express to the Court my appreciation for the honor of serving in this position. The service under such honorable and generous jurists and, in the settlement, on behalf of this noble class, has surely been the most important legal experience of my career.

February 13, 2015
Date

George L. Priest
Special Master