IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CECIL McLENDON, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 83-1340 (SA) |
| | ) |
| THE CONTINENTAL GROUP, INC., et al., | ) Hon. Dickinson R. Debevoise, |
| | ) Judge Presiding |
| Defendants. | ) |
| | ) George L. Priest, |
| | ) Special Master |
| | ) |
| | ) |
| ALBERT J. JAKUB, et al., | ) Civil Action No. 89-4009 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CONTINENTAL GROUP, INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| ROBERT GAVALIK, et al., | ) Civil Action No. 89-4066 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CONTINENTAL GROUP, INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## Second Supplemental Report and Recommendation of the Special Master
## With Regard to the Waiver of Certain Settlement Payments

The Special Master filed a Report and Recommendation on August 31, 2009 with regard

to the waiver by class members and participants in the Special Offer of Settlement of payments

from the Settlement Fund to that date. In that Report, the Special Master reported those class members and offer participants who had voluntarily waived receipt of payments from the Settlement Fund as well as those who could not be located and whose shares either of the initial award; of the first, second or third residual awards; of the FICA refund payment; or of the Special Offer of Settlement award, as appropriate, should be waived and returned to the Settlement Fund. With respect to those class members in these categories entitled to residual awards, the Special Master also recommended waiver of their share of the fourth residual distribution, though that amount could not be determined until after approval of the Recommendation and calculation of the fourth residual award. The Special Master filed a First Supplemental Report and Recommendation on September 30, 2009 with respect to additional class members fitting these categories. The Court approved both Reports and Recommendations, and those monies waived were added to the amounts distributed from the Settlement Fund in the fourth and final residual award to the members of the class entitled to that award. The Special Master determined that, after reserves for future distribution expenses, each class member entitled to a fourth residual award would receive .0142 percent of his or her initial award. This fourth residual award, along with reserves for fees and costs, would then exhaust the Settlement Fund.

Regrettably, in addition to the class members referenced in these earlier Reports, there are a number of class members to whom the Office of the Special Master is unable to pay the fourth and final residual award, typically either because the class member or his or her heirs or beneficiaries could not be located or because that class member or beneficiary has declined to accept or to cash the Settlement Fund check. There is also one Special Settlement participant in this category. This Report documents those individuals and recommends that those Settlement

2

Fund shares be considered as having been waived to the benefit of the class. The Report also documents the fourth residual shares of those class members, entitled to such awards, that were earlier declared waived by Order of the Court.

All members of the class and all Special Offer of Settlement participants who could be located have been sent their appropriate shares of the Settlement Fund as approved by the Court. The monies waived, if the Recommendation of the Special Master is approved, will be employed to pay outstanding statements from the many professionals, accountants and attorneys, who have executed this settlement. As reported earlier to the Court, the Special Master asked each attorney and the accountant for the class to submit a fixed maximum fee for services in implementing the fourth residual distribution and the completion of the settlement. The Special Master reserved those amounts for future payment. In many, though not in all, cases, the amounts reserved were insufficient and some of the attorneys and especially the accountant for the class, McGladrey, cannot be paid the full amount for the services they have rendered the class. These waived monies will contribute toward those payments, but will not be adequate to satisfy them.

Part I of this Report addresses the waiver or partial waiver of the fourth residual distribution by McLendon class members or their heirs or beneficiaries not documented in the earlier Reports of the Special Master; Part II, waivers by Jakub/Gavalik class members or heirs or beneficiaries. In each of these cases, the class member or heir or beneficiary was paid the initial payment; the first, second and third residual payments; and the FICA refund payment, where appropriate. Thus, in this Report and Recommendation, only the fourth residual payment, or some share of that payment, is recommended as having been waived. Part III addresses the case of one participant in the Special Offer of Settlement whose payment is recommended to be waived. Part IV supplements the Special Master's Reports and Recommendations of August 31,

3

2009 and September 30, 2009 by reporting the amounts of the final residual distribution

(amounts that could not be determined earlier) waived pursuant to those Recommendations

which, as mentioned, were approved by the Court.

### I. McLendon Class Members

| | |
|---|---|
| Anderson, Marshall: | Initial Award: $8,360. Mr. Anderson died on May 24, 1981. Earlier payments were sent to Ms. Shirley Treasure, the Executor of his Estate. Mr. Anderson's fourth residual award was sent to Ms. Treasure. She refused to cash the check, and informed the Office that she did not want to process it. The Office, therefore, is unable to pay Mr. Anderson's final residual award in the amount of $118.71. |
| Ashley, Willie: | Initial Award: $5,546. Mr. Ashley died on October 30, 2006. Mr. Ashley's fourth residual award was sent to his wife, Anne Ashley. Ms. Ashley declined to cash the check. The Office, therefore, is unable to pay Mr. Ashley's final residual award in the amount of $77.86. |
| Attanasio, David E.: | Initial Award: $4,375. Mr. Attanasio died on May 29, 2010. Mr. Attanasio's fourth residual award was sent to his wife, Agnes Attanasio. Ms. Attanasio declined to cash the check. The Office, therefore, is unable to pay Mr. Attanasio's final residual award in the amount of $61.43. |
| Baker, Robert C.: | Initial Award: $10,721. Mr. Baker died on February 12, 1997. Mr. Baker had designated his wife, Carol E. Baker, as beneficiary according to the Beneficiary Designation process. Ms. Baker died on June 29, 2008. Pursuant to an earlier Order of the Court, Mr. Baker's fourth residual award was sent to his children: Debbie Smith Baker, Cathy Baker Robinson, and James C. Baker. Ms. Debbie Smith Baker declined to cash the check. The Office, therefore, is unable to pay that share of Mr. Baker's fourth residual award in the amount of $50.75. |
| Balkiewicz, Casimir: | Initial Award: $87,689. Mr. Balkiewicz died on September 21, 1994. Mr. Balkiewicz had designated his wife, Zofia Balkiewicz, as beneficiary according to the Beneficiary Designation process. Ms. Zofia Balkiewicz died on December 21, 2008. There is no indication in his questionnaire of children or other beneficiaries. The Office wrote to the last addresses of relatives for whom we |

4

|  | had information, but received no response. The Office, therefore, is unable to pay Mr. Balkiewicz's final residual award in the amount of $1,245.18. |
|---|---|
| Bara, Eugene M.: | Initial Award: $10,955. Mr. Bara died on June 15, 1998. Mr. Bara had designated his wife, Carolyn M. Bara, as beneficiary according to the Beneficiary Designation process. Ms. Bara was sent Mr. Bara's fourth residual award, but declined to cash the check. The Office, therefore, is unable to pay Mr. Bara's final residual award in the amount of $155.56. |
| Barker, James R.: | Initial Award: $8,000. Mr. Barker died on November 25, 2007. Mr. Barker had designated his wife, Margaret Barker, as beneficiary according to the Beneficiary Designation process. Ms. Barker was sent Mr. Barker's fourth residual award four separate times, but declined to cash any of the checks. The Office, therefore, is unable to pay Mr. Barker's final residual award in the amount of $113.60. |
| Barrow, Delbert L.: | Initial Award: $11,491. Mr. Barrow died on April 25, 2006. Mr. Barrow had designated his wife, Audrey E. Barrow, as beneficiary according to the Beneficiary Designation process. Ms. Barrow predeceased him, dying on March 17, 2000. Mr. Barrow had no children. The Office identified his sister, Reba Turner, and sent to her a Declaration of Heirship Form on March 1, 2002. Ms. Turner did not return the Declaration Form. The Office, therefore, is unable to pay Mr. Barrow's final residual award in the amount of $163.17. |
| Blankenship, Emerease: | Initial Award: $9,103. Mr. Blankenship died on June 26, 2005. Mr. Blankenship had designated his wife, Mildred Blankenship and son, Larry Blankenship, as beneficiaries according to the Beneficiary Designation process. Mr. Blankenship's fourth residual award was sent, half to Mildred Blankenship and half to Larry Blankenship. Both declined to cash the checks. The Office, therefore, is unable to pay Mr. Blankenship's final residual award in the total amount of $129.26. |
| Bonner, Areta N. Fuller: | Initial Award: $60,092. Ms. Bonner died on June 6, 2008. Ms. Bonner had designated her husband, James Bonner, as primary beneficiary according to the Beneficiary Designation process. Mr. Bonner predeceased her, dying on January 22, 2003. Ms. Bonner had designated as contingent beneficiaries five children: James Carl Fuller, Jana Lynn Condor, Jay Dean Fuller, Joel Ray Fuller, and Jack Elliott Fuller. Each were sent equal shares of the award. Mr. Jack Elliott Fuller declined to cash the check. The Office, |

5

  
therefore, is unable to pay that portion of Ms. Bonner's final residual award in the amount of $170.66.

Brown, David C.:
Initial Award: $107,626. Mr. Brown died on April 29, 2006. Mr. Brown had designated his wife, Carolyn Brown, as primary beneficiary according to the Beneficiary Designation process. Ms. Brown predeceased him on December 21, 2000. Mr. Brown had designated as contingent beneficiaries two children: Rachel Lynn Brown Metcalf and Rodney Dewayne Brown Langley, each to receive equal shares. Mr. Rodney Brown's portion of the award was first sent in August, 2001. A second check was sent in January, 2013. Mr. Rodney Brown declined to cash these checks. The Office, therefore, is unable to pay that portion of Mr. David Brown's final residual award in the amount of $764.14.

Bryan, Everett H.:
Initial Award: $8,021. Mr. Bryan died on December 21, 2007. Mr. Bryan had designated his daughter, Traci L. Bryan and son, Michael E. Bryan, as beneficiaries, each to receive equal shares, according to the Beneficiary Designation process. Mr. Michael E. Bryan declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Everett Bryan's final residual award in the amount of $56.95.

Burgess, Bobby V.:
Initial Award: $25,581. Mr. Burgess died on June 1, 2003. Mr. Burgess had designated his wife, Anne C. Burgess, as beneficiary according to the Beneficiary Designation process. Ms. Burgess predeceased him a few days earlier, on May 29, 2003. Mr. Burgess had listed two children in his questionnaire: Ms. Nancy Burgess Vincent and Mr. David Barry Burgess. Checks for the fourth residual award were sent to each of them, but returned to the Office as undeliverable. The Office has been unable to find current addresses for either Ms. Vincent or Mr. David Burgess on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The office, therefore, is unable to pay Mr. Bobby V. Burgess' final residual award in the amount of $363.25.

Cameron, Marvin R.:
Initial Award: $64,906. Mr. Cameron died on August 27, 2006. Mr. Cameron had designated his wife, Helen Cameron, to receive half of his award; his Estate to receive the other half, according to the Beneficiary Designation process. Ms. Helen Cameron died on January 19, 2012. The Office has been unable to find the heirs of Mr. Cameron or any information about his Estate. The Office, therefore, is unable to pay Mr. Cameron's final residual award in the amount of $921.67.

6

Capper, James S.:    Initial Award: $22,785. Mr. Capper died on September 18, 1999. Mr. Capper had designated four children as beneficiaries in equal shares: Beverly Jean Michel Capper, Judy Ann Roberts, David Stanley Capper, and Roy J. Capper, according to the Beneficiary Designation process. The children were sent their proportional shares. Mr. Roy J. Capper declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. James Capper's final residual award in the amount of $80.89.

Cassata, Mike:    Initial Award: $7,471. Mr. Cassata died on November 1, 2009. Mr. Cassata had designated his wife, Mary J. Cassata, as beneficiary according to the Beneficiary Designation process. She predeceased him, dying on June 6, 2008. Mr. Cassata listed no children in his questionnaire. The Office confirmed from other relatives that the Cassatas had no children. The Office identified a nephew, Mr. Anthony R. Cassata, and sent him a Declaration of Heirship Form on May 2, 2012. Mr. Anthony Cassata did not return the Declaration Form. The Office, therefore, is unable to pay Mr. Mike Cassata's final residual award in the amount of $106.09.

Ceballos, Daniel H.:    Initial Award: $20,419. Mr. Ceballos died on September 12, 2010. Mr. Ceballos had designated his wife, Evelyn J. Ceballos, as beneficiary according to the Beneficiary Designation process. She predeceased him, dying on December 27, 1996. By Order of the Court, his shares would go to his children: Christina Lehigh, Arlene McKernan, and Elizabeth Juarez, in equal shares. Mr. Ceballos' fourth residual award was distributed accordingly. Ms. Elizabeth Juarez, declined to cash her check. The Office, therefore, is unable to pay that portion of Mr. Ceballos' final residual award in the amount of $96.65.

Cord, A.H.:    Initial Award: $8,044. Mr. Cord died on October 10, 1992. His wife, Minerva Cord, was Executrix of his Estate. She died on November 8, 1999. The Cords had three children: Thomas Herek, Robert W. Herek, and Florian Herek. The Office learned that Mr. Florian Herek died in July, 1995. Mr. Florian Herek had three sons: David, Richard, and Joseph. Mr. Robert W. Herek is also deceased, and had a son, Robert Herek, Jr. Declaration of Heirship Forms were sent to Mr. Thomas Herek, Robert W. Herek, Jr., and to the three children of Florian Herek, which they returned. Mr. Robert Herek, Jr., heir of Robert W. Herek, received his check, but did not cash it. Mr. Richard Herek, heir of Florian Herek, received his check, but did not cash it. The Office, therefore, is unable to pay those portions of Mr. Cord's final residual award in the amount of $50.76.

7

Coupel, Clifton J.: Initial Award: $35,355. Mr. Coupel died on June 20, 2000. His
wife, Ida Coupel, died on October 26, 2000. A Judgment of
Possession was entered naming their children, Patricia Usner,
Jean C. Rochester, Karen C. Walters, and Christie C. Bourg, as
surviving heirs. The children were sent their shares of Mr.
Coupel's fourth residual award on August 17, 2011. Ms. Jean
Rochester declined to cash the check. The Office, therefore, is
unable to pay that portion of Mr. Coupel's final residual award in
the amount of $62.76.

Cummings, Norman N.: Initial Award: $4,564. Mr. Cummings died on February 20, 2003.
Mr. Cummings had designated his wife, Florence M. Cummings,
as beneficiary according to the Beneficiary Designation process.
Ms. Cummings predeceased him, dying on May 3, 2002. Pursuant
to an Order of the Court, upon the death of a spouse, the award is
distributed to his children: Mr. William Cummings and John M.
Cummings. Each was sent his share of the fourth residual award.
Mr. William Cummings declined to cash the check. The Office,
therefore, is unable to pay that portion of Mr. Norman Cummings'
final residual award in the amount of $32.41.

Curtis, Jerry L.: Initial Award: $54,588. Mr. Curtis died on November 7, 2007.
The Office located relatives: his brother, Ray Curtis; sister-in-law,
Lorraine Curtis; and brother, Elmer Curtis. Mr. Elmer Curtis died
on September 23, 2011, and had five children. The Office sent
Declaration Forms to all of these potential heirs, all of whom
returned them. Checks in the appropriate amount were sent to each
heir. The checks to Lorraine Curtis and Mr. Elmer Curtis'
daughter, Barbara Wells, were returned. The Office has attempted
to locate those heirs through Whitepages.com, Zabasearch.com,
and Lexis.com. The Office found a different address for a
Lorraine Curtis, and sent her a letter on February 28, 2014, asking
her to verify her relationship to Mr. Jerry Curtis. That letter was
returned as "undeliverable." The Office, therefore, is unable to
pay those portions of Mr. Curtis' final residual award in the total
amount of $310.06.

Custer, Francis: Initial Award: $9,053. Mr. Custer died on February 28, 2003.
Mr. Custer had designated his wife, Lucy Custer, as primary
beneficiary according to the Beneficiary Designation process. Ms.
Custer died on December 21, 2010. Mr. Custer had designated his
son, Michael Custer, as contingent beneficiary. Mr. Michael
Custer was sent his father's fourth residual award, but declined to
cash the check. The Office, therefore, is unable to pay Mr. Francis
Custer's final residual award in the amount of $128.55.

8

Daniels, Paula W.:        Initial Award: $10,816. Ms. Daniels died on April 5, 2010. Ms. Daniels had designated her husband, James B. Daniels, as beneficiary according to the Beneficiary Designation process. Mr. Daniels was sent Ms. Daniels' fourth residual award on August 17, 2001. The check was returned. The Office located Mr. Billy Ramsey, Ms. Daniels' brother-in-law, who informed that Mr. James B. Daniels was deceased (though the office was unable to locate his death on the SSDI), that Paula and James had no children, and that he was not interested in participating in the Settlement. The Office, therefore, is unable to pay Ms. Daniels' final residual award in the amount of $153.59.

Davie, Frank E.:        Initial Award: $25,728. Mr. Davie died on May 20, 1992. A New York Court issued Letters of Administration, naming Mr. Davie's wife, Adelia M. Davie, as Administratrix of the Estate. Mr. Davie's fourth residual award was sent to Ms. Davie on July 23, 2012. Ms. Davie declined to cash the check. The Office, therefore, is unable to pay Mr. Davie's final residual award in the amount of $365.34.

Dobrynski, Michael:        Initial Award: $35,895. Mr. Dobrynski died on April 3, 2009. Mr. Dobrynski had designated his wife, Jeanne Dobrynski, as beneficiary according to the Beneficiary Designation process. Ms. Dobrynski was sent Mr. Dobrynski's fourth residual award on August 17, 2011. The check was returned. The Office learned that Ms. Dobrynski had remarried. The Office sought to locate her address through Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, and Lexis.com, all unsuccessfully. Later, the Office located an address for a Ms. Dobrynski, and sent letters on October 12, 2012 and November 20, 2012, in order to verify her relation to the class member. There were no responses to these letters. The Office, therefore, is unable to pay Mr. Dobrynski's final residual award in the amount of $509.71.

Dodson, Donald L.:        Initial Award: $18,972. Mr. Dodson died on February 27, 2006. Mr. Dodson had designated his wife, Marguerite Dodson, as beneficiary according to the Beneficiary Designation process. Ms. Marguerite Dodson died on February 14, 2010. By an Order of the Court, further residual awards were to be sent to his children. Three children were listed on Mr. Dodson's questionnaire: Jimmy Anderson, Catherine Burtle, and Steven Dodson. They were sent their shares of the fourth residual award on October 19, 2012. Ms. Catherine Burtle and Mr. Steven Dodson declined to cash the checks. The Office, therefore, is unable to pay those portions of Mr. Donald Dodson's final residual award in the total amount of $179.60.

Edwards, Sylvester:     Initial Award: $2,471. Mr. Edwards was sent his fourth residual award on July 23, 2012. The check was returned. The Office located another address for him, and reissued the check, sent to him on January 18, 2013. That check was also returned. No further addresses could be found for Mr. Edwards on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The Office, therefore, is unable to pay Mr. Edwards' final residual award in the amount of $28.79.

Finkbeiner, David E.:     Initial Award: $115,665. Mr. Finkbeiner died on January 30, 2005. Mr. Finkbeiner had designated his wife, Pauline Finkbeiner, as beneficiary according to the Beneficiary Designation process. Ms. Pauline Finkbeiner died on September 7, 2009. Mr. Finkbeiner had three children: Francis Elaine Braun, Donald Fowler, and Wanda McGovern. Shares of Mr. Finkbeiner's award were sent to the three children on July 23, 2012. The Office learned that Mr. Donald Fowler had died prior to this distribution, but was unmarried and had no children. Of this initial distribution, Ms. Francis Elaine Braun declined to cash the check. According to the Order entered by this Court, the share of Mr. Donald Fowler would then be distributed between Francis Elaine Braun and Wanda McGovern. Those shares were distributed to Francis Elaine Braun and Ms. Wanda McGovern on November 30, 2012. Both checks were cashed. After attempting to contact Ms. Francis Elaine Braun, the Office was unable to determine why she declined to cash the initial check. The Office, therefore, is unable to pay that portion of Mr. Finkbeiner's final residual award in the amount of $547.48.

Frost, James A.:     Initial Award: $30,207. Mr. Frost died on February 20, 2008. Mr. Frost had designated his wife, Nina Frost, as primary beneficiary according to the Beneficiary Designation process. Ms. Nina Frost predeceased him, dying on September 29, 2005. Mr. Frost had designated his daughter, Bonnie Frost Burns, as contingent beneficiary. Ms. Bonnie Frost Burns was sent Mr. Frost's fourth residual award on August 17, 2011, but she declined to cash the check. The Office, therefore, is unable to pay Mr. Frost's final residual award in the amount of $428.94.

Geene, Harold:     Initial Award: $165,161. Mr. Geene died on December 29, 2005. Mr. Geene had designated his sister, Dorothy Geene, as beneficiary according to the Beneficiary Designation process. Mr. Geene's fourth residual award was sent to Ms. Dorothy Geene on August 17, 2011. Ms. Geene declined to cash the check. The

Office, therefore, is unable to pay Mr. Geene's final residual award in the amount of $2,333.91.

Gilbreath, Cruz:    Initial Award: $6,541. Mr. Gilbreath died on December 10, 2008. Mr. Gilbreath had designated the Buford Dale Gilbreath & Cruz M. Gilbreath Revocable Trust as beneficiary according to the Beneficiary Designation process. The Trust was sent Mr. Gilbreath's fourth residual award in care of Mr. V. Dale Gilbreath on August 17, 2011. Mr. V. Dale Gilbreath, on behalf of the Trust, declined to cash the check. The Office, therefore, is unable to pay Mr. Gilbreath's final residual award in the amount of $92.88.

Goetz, John L.:    Initial Award: $25,176. Mr. Goetz died on May 18, 2009. Mr. Goetz had designated his wife, Marguerite Goetz, and his two children, Randy C. Goetz and Jacqueline A. Dolby, as primary beneficiaries in the share of fifty percent to Marguerite; twenty-five percent each to Randy and Jacqueline according to the Beneficiary Designation process. Those shares of Mr. Goetz's fourth residual award were sent to them on August 17, 2011. Mr. Randy Goetz declined to cash his check. The Office, therefore, is unable to pay that portion of Mr. John Goetz's final residual award in the amount of $89.38.

Gorab, Donald:    Initial Award: $52,734. Mr. Gorab died on September 3, 2003. Mr. Gorab had designated his sister, Beverly Negerle, as primary beneficiary according to the Beneficiary Designation process. Ms. Beverly Negerle died on October 20, 2007. Mr. Gorab had designated Mr. Gerald Golak as contingent beneficiary. Mr. Golak was sent Mr. Gorab's fourth residual award on October 19, 2012, but declined to cash the check. The Office, therefore, is unable to pay Mr. Gorab's final residual award in the amount of $740.40.

Gordon, L.C.:    Initial Award: $30,116. Mr. Gordon died on June 12, 1995. Mr. Gordon had designated his spouse, Margie Gordon, and seven children: Linda, Pamela, L.C. Gordon, Jr., Stanley, Donald, Patricia, and Willie Gene, as beneficiaries according to the Beneficiary Designation process: his wife, Margie, to receive fifty percent; the seven children to receive ten percent each, which, obviously, was a miscalculation. The Special Master decided that each of the children should receive 7.14 percent each, one-seventh each of the fifty percent to the children. Checks in the appropriate amounts were sent to each of the beneficiaries on November 9, 2012. Ms. Linda Gordon Cheeks, Ms. Patricia Ann Gordon, and Mr. Donald Gordon declined to cash their checks. The Office, therefore, is unable to pay those portions of Mr. L.C. Gordon's final residual award in the total amount of $91.62.

11

| Graziano, Italo: | Initial Award: $9,564. Mr. Graziano died on August 8, 1997. Mr. Graziano had designated his daughter, Joanne Graziano, and son, Augustine Graziano, as beneficiares to receive equal shares, according to the Beneficiary Designation process. Ms. Joanne Graziano and Mr. Augustine Graziano were sent their respective shares of Mr. Graziano's fourth residual award on August 17, 2011. Mr. Augustine Graziano declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Italo Graziano's final residual award in the amount of $67.90. |
|---|---|
| Heller, John Joseph: | Initial Award: $16,917. Mr. Heller died on October 2, 2010. Mr. Heller had designated his wife, Annette Heller, as beneficiary according to the Beneficiary Designation process. Ms. Annette Heller predeceased him, dying on January 21, 2009. Mr. Heller did not designate contingent beneficiaries. His questionnaire stated that he had no children. Mr. Heller's Beneficiary Designation Form indicated a sister, Elizabeth Appel, as a contact. The Office determined, however, that Ms. Appel was also deceased and could locate no other relatives. The Office, therefore, is unable to pay Mr. Heller's final residual award in the amount of $240.22. |
| Hill, Lucinda: | Initial Award: $55,172. Ms. Hill died on September 23, 1990. A New Jersey Court issued Letters of Administration to Sally Jones. Ms. Jones was sent Ms. Hill's fourth residual award on August 31, 2013, but the check was returned. The Office was unable to locate another address for Ms. Jones though Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Intellius.com, Google.com, or Lexis.com. The Office, therefore, is unable to pay Ms. Hill's final residual award in the amount of $783.44 |
| Hill, Michael S.: | Initial Award: $63,245. Mr. Hill died on October 7, 2004. Mr. Hill had designated his three sisters: Jeanette, Bertha, and Carolyn, and his brother, William, as beneficiaries according to the Beneficiary Designation process. Ms. Carolyn Hill died on March 18, 2008. By Order of the Court, Mr. Hill's award was then divided between the three remaining siblings. The siblings were sent their appropriate shares of Mr. Hill's award on March 28, 2013. Mr. William Hill declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Michael Hill's final residual award in the amount of $295.99. |
| Hillman, Randall C.: | Initial Award: $117,757. Although Mr. Hillman received his FICA refund payment, the Office has been unable to locate him for payment of the fourth residual award. Letters were sent to |

addresses for him on October 23, 2012 and November 15, 2012, to no effect; the letters were returned. The Office was unable to obtain a further address for Mr. Hillman from Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The Office, therefore, is unable to pay Mr. Hillman's final residual award in the amount $1,672.15.

Houghton, Donald:   Initial Award: $4,519. Mr. Houghton died on August 13, 1998. Mr. Houghton did not execute a Beneficiary Designation Form. Declaration of Heirship Forms were sent to his wife, Marie Houghton, and to two sons: Joseph and Donald Houghton. Ms. Marie Houghton died on August 22, 2010. The sons returned the Forms. Mr. Houghton's fourth residual award was sent in equal shares to his two sons on July 23, 2012. Mr. Joseph Houghton declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Donald Houghton's final residual award in the amount of $32.09.

Hubler, Grant B.:   Initial Award: $11,938. Mr. Hubler died on August 17, 2002. Mr. Hubler had designated his wife, Sara E. Hubler, as beneficiary according to the Beneficiary Designation process. Ms. Sara E. Hubler predeceased him, dying on March 11, 1998. By Order of the Court, his award is to be distributed among his children: Susan Hocking, Drena Miller, and Sandra Klock. Ms. Sandra Klock died on January 17, 2008. Sandra Klock had four children: Julian Klock, Rhonda Rader, Melissa McGuffie, and Dorse Klock. Checks to all of them for Ms. Klock's share of Mr. Hubler's fourth residual award, as well as the separate checks to the other siblings, were sent on August 17, 2011. Ms. Rhonda Rader declined to cash her check. The Office, therefore, is unable to pay that portion of Mr. Hubler's final residual award in the amount of $15.13.

Isaacs, Nan L.:   Initial Award: $33,265. Ms. Isaacs died on September 20, 2010. Ms. Isaacs had designated her husband, David Isaacs, as primary beneficiary according to the Beneficiary Designation process. Mr. Isaacs predeceased her, dying on January 16, 2006. Ms. Isaacs had designated four children as contingent beneficiaries: Aaron Isaacs, Anthony Isaacs, Steven Isaacs, and Lona M. Jackson. Checks for their shares were sent on October 19, 2012. Mr. Anthony Isaacs declined to cash his check. The Office, therefore, is unable to pay that portion of Ms. Nan Isaacs final residual award in the amount of $118.09.

Jeffcoat, Harold B.:   Initial Award: $32,022. Mr. Jeffcoat died on August 30, 2007. Mr. Jeffcoat had designated his spouse, Valma V. Jeffcoat, and his son, Richard B. Jeffcoat, as beneficiaries according to the

Beneficiary Designation process. Ms. Valma V. Jeffcoat died on April 22, 2010. The Office had difficulty locating Mr. Richard B. Jeffcoat. An address could not be found for him through Whitepages.com, Zabasearch.com, Anywho.com, and Spokeo.com, though a possible address was discovered by a search through Google.com. The Office sent a letter to that address on November 20, 2012, in order to verify that it was the correct Richard Jeffcoat, asking for a response within thirty days. The Office received no response. The Office, therefore, is unable to pay Mr. Harold B. Jeffcoat's final residual award in the amount of $454.71.

Jessop, Robert William: Initial Award: $10,049. Mr. Jessop was sent his fourth residual award on April 30, 2013, and again on September 31, 2013. Mr. Jessop declined to cash either check. The Office, therefore, is unable to pay Mr. Jessop's final residual award in the amount of $116.56.

Johnson, Samuel D.: Initial Award: $33,460. Mr. Johnson died on November 27, 1998. Mr. Johnson had designated his mother, Annie E. Johnson, and his wife, Debra Williams Johnson, as beneficiaries according to the Beneficiary Designation process, each to receive half of subsequent residual awards. Ms. Annie E. Johnson was sent her share of Mr. Johnson's final residual award on November 5, 2007. Ms. Debra Williams Johnson died on October 23, 1995. By Order of the Court, her share of the residual award is to be distributed to their five children: Minikki Johnson, Kimberly Johnson, Shunta Johnson, Merisa Johnson, and Charence Johnson. Checks in the appropriate shares were sent to the Johnson children on August 17, 2011. The check to Mr. Charence Johnson was returned as unclaimed. A second check to Mr. Charence Johnson was sent on March 28, 2013. That check too was returned as unclaimed. The Office, therefore, is unable to pay that portion of Mr. Samuel D. Johnson's final residual award in the amount of $47.51.

Jones, Ray C.: Initial Award: $21,503. Mr. Jones died on October 29, 1992. A Georgia Court issued Letters of Administration, naming his wife, Elesa A. Jones, as Administratrix of his Estate. Ms. Elesa Jones was sent Mr. Jones' award on July 23, 2012. She declined to cash the check. The Office, therefore, is unable to pay Mr. Jones' final residual award in the amount of $305.34.

Jones, Richard Eugene: Initial Award: $11,210. Mr. Jones died on February 5, 2005. Mr. Jones had designated his Estate as beneficiary according to the Beneficiary Designation process. The Office, however, did not receive and was unable to obtain information about Mr. Jones'

14

estate. Mr. Jones had indicated on his questionnaire that he was divorced, but that he had one child, Kathryn Callegy. The Office sent Ms. Callagy a Declaration of Heirship Form on March 1, 2012. Ms. Callagy did not return the Declaration. The Office, therefore, is unable to pay Mr. Jones' final residual award in the amount of $159.18.

Kennedy, John J.:     Initial Award: $11,385. Mr. Kennedy died on February 24, 2009. Mr. Kennedy had designated his wife, Beautell Elizabeth Kennedy, as primary beneficiary according to the Beneficiary Designation process. Ms. Kennedy predeceased him, dying on October 23, 2008. Mr. Kennedy had designated his three children: Johney Leroy Kennedy, Debra Joan Kennedy, and James Edwin Kennedy, as contingent beneficiaries. Mr. Johney Leroy Kennedy and Ms. Debra Joan Kennedy were sent their appropriate shares of the distribution on August 17, 2011. Neither cashed their checks. Mr. James Edwin Kennedy died on May 25, 2011. The Office learned from the surviving children that Mr. James Edwin Kennedy had two children: one named Josh Kennedy; the relatives did not know the name of Mr. James Kennedy's daughter. The office found an address for a Josh Kennedy and sent him a letter on December 18, 2012 to verify that he was related to the class member. He did not respond to this letter. The Office did not find any other Josh Kennedy that might have been related to Mr. Kennedy through Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The Office, therefore, is unable to pay Mr. John J. Kennedy's final residual award in the amount of $161.67.

Kim, Benjamin N.:     Initial Award: $348. Mr. Kim died on January 28, 1998. Mr. Kim had designated his spouse, Bertha L. Kim, as beneficiary according to the Beneficiary Designation process. The Office learned that Ms. Kim also died. The Office located three children: Dan M. Kim, Richard L. Kim, and Charles G. Kim, and sent them Declaration of Heirship Forms. Mr. Dan Kim informed the Office that he did not want to be involved because the residual share was so small. Nevertheless, all three Kim children returned the Declaration Form, payable to Mr. Charles Kim, on July 27, 2007. The Office sent a check representing the fourth residual award to Mr. Charles Kim on April 1, 2011. Mr. Charles Kim declined to cash the check. The Office, therefore, is unable to pay Mr. Benjamin Kim's final residual award in the amount of $4.94.

King, Teresa D.:     Initial Award: $16,829. Ms. King died on November 20, 2000. Ms. King had designated two children, Steven C. King and Susan M. Pouncy, as beneficiaries according to the Beneficiary

15

Designation process. Checks to the two children were sent on
August 17, 2011. Ms. Susan M. Pouncy declined to cash the
check. The Office, therefore, is unable to pay that portion of Ms.
King's final residual award in the amount of $119.48.

King, William H.: Initial Award: $109,973. Mr. King died on June 28, 1991. A
Georgia Court issued Letters of Administration to his daughter,
Debra Jean King on September 15, 1992. Those Letters expired.
The Office sent a Declaration of Heirship Form to Debra King
Wilson on July 12, 2013. Ms. King Wilson did not return the
Declaration. The Office, therefore, is unable to pay Mr. King's
final residual award in the amount of $1,561.62.

Kunz, Kurt K.: Initial Award: $15,306. Mr. Kunz died on February 8, 1992. An
Order from a Missouri Court provided for a distribution of his
Estate, fifty percent to his spouse, Connie Elaine Kunz, and
twenty-five percent each to his daughters, Laura Elizabeth Kunz
and Karen Violet Kunz. Each were sent their appropriate shares on
April 1, 2011. The checks to Connie and Karen were returned.
The Office learned that Mr. Kunz's wife, Connie Nelson, died on
August 10, 2009. The Office sent half of Connie's share to Laura
Kunz on April 30, 2013. Mr. Kunz's daughter, Karen Schreiber,
died on July 28, 2009. Ms. Schreiber had two children: Alexis
Sustek and Abigail Schreiber. Ms. Abigail Schreiber could not be
located on Whitepages.com, Zabasearch.com, Anywho.com,
Spokeo.com, Google.com, or Lexis.com. Ms. Alexis Sustek was
sent her share of the final residual award, which included the
appropriate share of Connie Kunz's award on April 30, 2013, but
Ms. Sustek did not cash the check. The Office called her, and left
a message for her on July 22, 2013, to which she did not respond.
The Office, therefore, is unable pay that portion of Mr. Kunz's
final residual award in the amount of $108.68.

Kurtz, Donald E.: Initial Award: $15,623. Mr. Kurtz died on April 27, 1988. A
Wisconsin Court issued Letters of Administration to his wife, Rae
Marie Kurtz on May 28, 1992. Ms. Rae Marie Kurtz died on May
19, 2005. Mr. Kurtz had four children: Lori E. Davis, Earl R.
Davis, Judith A. Kelpine, and Robert R. Davis. Each submitted
Declarations of Heirship Forms. Lori, Earl, and Judith were sent
their appropriate shares of the award on April 30, 2013. Mr.
Robert R. Davis, however, died on September 17, 2011. Mr.
Robert R. Davis had two children: Aimee A. Davis and Robert
Collins. The two children were sent their shares of Mr. Robert
Davis's share on April 30, 2013. Ms. Aimee A. Davis declined to
cash the check. The Office, therefore, is unable to pay that portion

16

of Mr. Donald Kurtz's final residual award in the amount of $27.73.

Le Pera, Jr., Rudolph:   Initial Award: $12,567. Mr. Le Pera died on January 12, 1998. Mr. LaPera had designated his wife, Sadie La Pera, as primary beneficiary according to the Beneficiary Designation process. Ms. Sadie La Pera predeceased him, dying on February 6, 1997. Mr. La Pera had designed his son, Rudolph J. La Pera, III, as contingent beneficiary. Mr. Rudolph J. La Pera, III was sent his father's fourth residual award on August 17, 2011, but the check was returned unclaimed. The check was reissued and sent to Mr. Rudolph J. La Pera, III on March 28, 2013. That check too was returned as unclaimed. The Office, therefore, is unable to pay Mr. Rudolph La Pera, Jr.'s final residual award in the amount of $178.45.

Locke, Donald L.:   Initial Award: $22,548. Mr. Locke died on March 21, 2010. Mr. Locke had designated his wife, Phyllis Locke, as beneficiary according to the Beneficiary Designation process. Ms. Phyllis Locke predeceased him, dying on August 10, 2003. Mr. Locke had four children: Edgar Locke, Troy Locke, Rhonda Polzin, and Jennifer Locke. Ms. Rhonda Polzin died in October, 1998, and the Office could not determine that she had children. The other Locke children were sent their shares of the fourth residual distribution on October 19, 2012. Ms. Jennifer Locke Seybold declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Donald L. Locke's final residual distribution in the amount of $106.72.

Lugo, Robert:   Initial Award: $17,148. Mr. Lugo died on May 19, 2007. Mr. Lugo had designated his wife, Marion A. Lugo as beneficiary according to the Beneficiary Designation process. Ms. Lugo died on June 14, 2008. Mr. Lugo had not designated contingent beneficiaries, but had two children, Paulette McGreevy and Robert Lugo who, according to the Order of this Court, were to receive Mr. Robert Lugo's fourth residual award. Ms. Paulette McGreevy indicated to the Office on June 14, 2011 that she did not want to become involved in the settlement. Mr. Robert Lugo indicated equally, and refused to provide the Office with a Social Security number necessary for issuing a check. The Office, therefore, is unable to pay Mr. Lugo's final residual award in the amount of $243.50.

| | |
|---|---|
| Lumpkin, Elvis H.: | Initial Award: $10,270.  Mr. Lumpkin died on January 18, 2006.  Mr. Lumpkin had designated his wife, Ruth M. Lumpkin, as primary beneficiary according to the Beneficiary Designation process.  Ms. Lumpkin predeceased him, dying on May 16, 2004.  Mr. Lumpkin had designated two children:  Barbara Gail Bluefeld and Linda Sharon Albertson as contingent beneficiaries.  Ms. Barbara Gail Bluefeld was sent her share of Mr. Lumpkin's award on August 17, 2011.  Ms. Linda Albertson died on October 17, 2005.  She had two children:  David Keith Albertson and Bryan Mark Albertson.  The two children were sent their shares of Ms. Albertson's share on August 17, 2011.  The check to Mr. Bryan Albertson was returned as unclaimed.  The check was reissued and sent to Mr. Bryan Albertson on October 19, 2012.  That check too was returned as unclaimed.  The check to Mr. Bryan Albertson was reissued again on November 30, 2012, and again returned as unclaimed.  The Office, therefore, is unable to pay that portion of Mr. Lumpkin's final residual award in the amount of $36.45. |
| Meinke, Melvin E.: | Initial Award: $13,210.  Mr. Meinke died on November 21, 1995.  Mr. Meinke had designated his wife, Celeste M. Meinke, as beneficiary according to the Beneficiary Designation process.  Ms. Celeste Meinke died on September 13, 2003.  Mr. Meinke had three children:  Dennie Meinke, Sandra Hatch, and David Hesterwerth.  Mr. Dennie Meinke's share of his father's final residual award was sent to him on October 19, 2012.  Ms. Sandra Hatch died on August 11, 2009.  Ms. Sandra Hatch's share of the final residual share of the distribution was sent to her two children, Sherie McGuffin and Kenny Hatch, on October 19, 2012.  Mr. David Hesterwerth died on July 19, 2008.  Mr. David Hesterwerth had three children:  David Hesterwerth, Stacey Hesterwerth, and Cory Hesterwerth.  They were sent their shares of Mr. David Hesterwerth's share of the fourth residual award on October 19, 2012.  Mr. Cory Hesterwerth declined to cash the check.  The Office, therefore, is unable to pay that portion of Mr. Melvin Meinke's final residual award in the amount of $20.84. |
| Modelski, Edward P.: | Initial Award: $6,434.  Mr. Modelski died on March 16, 2000.  Mr. Modelski had designated five grandchildren:  Amanda Modelski, Dana Modelski-Eynon, Keith Modelski, Zachary Modleski, and Collin Modelski as beneficiaries according to the Beneficiary Designation process.  The five grandchildren were sent their shares of the fourth residual award on August 17, 2011.  Dana, Zachary, and Collin declined to cash their checks.  The Office, therefore, is unable to pay those portions of Mr. Modelski's final residual award in the total amount of $54.21. |

18

| | |
|---|---|
| Moore, Lemuel: | Initial Award: $35,404.  Mr. Moore died on August 10, 1991.  A Missouri Court issued a Decree of Determination of Heirship, providing for his wife, Roxalana Moore, to receive half of his Estate, and his three children:  Jacquin Weatherspoon, Loys Jean Moore, and Lemuel N. Moore, Jr., each to receive one-sixth of his Estate.  Each were sent their respective shares of Mr. Moore's fourth residual award on April 15, 2005.  Mr. Lemuel Moore, Jr., declined to cash the check.  The Office, therefore, is unable to pay that portion of Mr. Lemuel Moore Sr.'s final residual award in the amount of $83.79. |
| Mouzon, Willie R.: | Initial Award: $9,265.  Mr. Mouzon died on October 19, 2010.  Mr. Mouzon had designated his sister, Juanita H. King, as primary beneficiary according to the Beneficiary Designation process.  Ms. King predeceased him, dying on August 15, 1999.  Mr. Mouzon had designated his daughter, Ardnita Mouzon Andrews, as contingent beneficiary.  Ms. Ardnita Mouzon was sent Mr. Mouzon's fourth residual award on July 23, 2012.  The check was returned.  Another address was found for Ms. Ardnita Mouzon, and the check was reissued on November 12, 2012.  That check was returned as unclaimed.  The Office, therefore, is unable to pay Mr. Mouzon's final residual award in the amount of $130.08. |
| Muffett, Edna Marie: | Initial Award: $1,762.  Ms. Muffett died on July 5, 2007.  Ms. Muffett had designated her husband, Charles Kennard Muffett, as primary beneficiary according to the Beneficiary Designation process.  Mr. Charles Muffett died on June 12, 2011.  Ms. Muffett had designated three children:  Doris Marie Jones, Charles Earl Muffett, and Wanda Lewis Muffett, as contingent beneficiaries.  Each were sent their shares of Ms. Muffett's fourth residual award on July 23, 2012.  Ms. Doris Marie Jones declined to cash the check.  The Office, therefore, is unable to pay that portion of Ms. Edna Muffett's final residual award in the amount of $8.34. |
| Murphy, John W.: | Initial Award: $17,613.  Mr. Murphy died on December 5, 2007.  Mr. Murphy had designated his wife, Lois F. Murphy, as beneficiary according to the Beneficiary Designation process.  Ms. Lois Murphy died on April 6, 2009.  Mr. Murphy did not designate a contingent beneficiary.  Mr. Murphy indicated on his questionnaire that he and Lois Murphy had no children, but that he had two sons from a previous marriage:  John Murphy and Paul Murphy, giving the birthdates of each son, though he also added, "I have not seen or heard from them in the last thirty years."  The Office attempted to locate a John Murphy and Paul Murphy with the same birthdates, but was unable to find them on |

19

|  | Whitepages.com, Zabasearch.com, Intellius.com, or Switchboard.com. The Office, therefore, is unable to pay Mr. Murphy's final residual award in the amount of $250.10. |
|---|---|
| Murray, Robert M.: | Initial Award: $24,418.  Mr. Murray was sent his third residual award.  Mr. Murray's FICA award was subject to an IRS tax order.  Mr. Murray has not kept in touch with the Office, and the Office has been unable to locate him on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, or Google.com.  The Office sent a letter to Mr. Murray's brother, Rick Murray, seeking information about Mr. Robert Murray, but the letter was returned as undeliverable.  The Office, therefore, is unable to pay Mr. Murray's final residual award in the amount of $346.74. |
| Newell, Lawrence D.: | Initial Award: $12,162.  Mr. Newell died on December 19, 1992.  A Pennsylvania Court issued Letters of Administration to Catherine Murray, Mr. Newell's former wife.  Those letters expired, and the Office learned that Ms. Murray, then Ms. Murray-Nelson, had died.  Mr. Newell's FICA refund Declaration Form was submitted by his daughter, Tina Myers.  Mr. Newell had three children:  Tina Myers, Lori Newell, and Tami Newell, each of whom submitted Declaration of Heirship Forms.  The three children were sent their shares of Mr. Newell's fourth residual award on March 28, 2013.  Ms. Tami Newell declined to cash the check.  The Office, therefore, is unable to pay that portion of Mr. Newell's final residual award in the amount of $57.57. |
| Parker, Lloyd L.: | Initial Award: $21,085.  Mr. Parker died on May 25, 2010.  Mr. Parker had designated his wife, Barbara A. Parker, as beneficiary according to the Beneficiary Designation process.  Ms. Barbara Parker could not be located on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com.  Mr. Parker listed three children on his questionnaire: Linda, Leonard, and Stephen Parker, none of whom could be located on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com.  The Office, therefore, is unable to pay Mr. Lloyd Parker's final residual award in the amount of $299.41. |
| Patete, Anthony P.: | Initial Award: $11,747.  Mr. Patete died on December 27, 2004.  Mr. Patete had designated his wife, Marie Patete, and three children:  Judith Hin, James Patete, and Anthony Patete, Jr., as beneficiaries according to the Beneficiary Designation process.  Ms. Marie Patete died on July 12, 2005.  Mr. Anthony Patete, Jr. died on March 16, 2008.  Mr. Anthony Patete, Jr. had two children: Amanda Patete and Ashley Patete.  The children and grandchildren were sent their appropriate shares of Mr. Patete's fourth residual |

award on April 30, 2013. Ms. Ashley Patete declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Anthony Patete's final residual award in the amount of $27.48.

Pearce, Edwin H.:      Initial Award: $651.00. Mr. Pearce died on September 29, 2010. Mr. Pearce was divorced. Mr. Pearce had two children: Kym David Pearce and Theresa Pearce. The Office was unable to locate Theresa Pearce on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, or Google.com. Mr. Kym David Pearce's share of Mr. Edwin Pearce's fourth residual award was sent to him on April 30, 2013. At that time, Mr. Kym David Pearce was incarcerated in Longview, Texas. Mr. Pearce declined to cash the check. The Office, therefore, is unable to pay Mr. Edwin H. Pearce's final residual award in the total amount of $9.24.

Peterson, Robert J.:      Initial Award: $41,789. Mr. Peterson died on July 23, 2009. Mr. Peterson was divorced. Mr. Peterson had six children: Robert, Scott, Cheryl, Valarie, Kris, and Kerri Peterson. Each was sent a Declaration of Heirship Form. Ms. Sherry Asprion and Ms. Valarie Dudla agreed to have their shares issued to Valarie Dudla; each of the other children asked for their shares to be distributed to them alone. Their respective shares were sent to them on April 30, 2013. Mr. Scott Peterson declined to cash the check. The Office, therefore, is unable to pay that share of Mr. Robert J. Peterson's final residual award in the amount of $118.68.

Petty, Ernest M.:      Initial Award: $23,347. Mr. Petty received his third residual award. He has not kept in touch with the Office, and the Office has been unable to locate an address for him on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The Office, therefore, is unable to pay Mr. Petty's final residual award in the amount of $331.53.

Pina, Jose:      Initial Award: $10,938. Mr. Pina died on February 18, 2004. Mr. Pina had designated his wife, Andrea Pina, and his children, Aurora Montano, Linda Rivera, Gloria Rodriguez, Alicia Peralez, Jose Pina, Jr., and Eloy Pina, as beneficiaries according to the Beneficiary Designation process. Appropriate shares of Mr. Pina's fourth residual award were sent to them on August 17, 2011. Mr. Eloy Pina declined to cash his check. The Office, therefore, is unable to pay that portion of Mr. Jose Pina's final residual distribution in the amount of $22.18.

Pineda, Adeline L.:    Initial Award: $4,613. Ms. Pineda died on July 10, 1999. Ms. Pineda had designated three children, Arcadio Pineda, Jr., Richard Pineda, and Michael W. Pineda, as beneficiaries according to the Beneficiary Designation process. Mr. Arcadio Pineda and Mr. Richard Pineda were sent their shares of Ms. Pineda's award on November 5, 2007. Mr. Michael W. Pineda died on March 1, 2007. Mr. Michael Pineda had three children: Mattie Pineda, Christina R. Parkin, and Cameron R. Pineda. Mr. Michael Pineda's children were sent their shares of the final residual award on August 31, 2009. Christina Patkin and Cameron Pineda declined to cash the checks. The Office, therefore, is unable to pay those portions of Ms. Adeline Pineda's final residual award in the total amount of $21.84.

Ping, Gary W.:    Initial Award: $19,240. Mr. Ping was subject to a marital order which provided for a division of his share of the settlement of 73.15 percent to Mr. Ping; 26.85 percent to his former wife, Terrie H. Ping. The order provided for the share to Ms. Terrie H. Ping to be made payable to her attorney, Larry Whitaker. Mr. Gary Ping was sent his share of the final residual award on March 25, 2011. On the same date, Attorney Whitaker was sent Ms. Terrie Ping's share of the final residual award, but the check was returned. Mr. Whitaker has refused to communicate with the Office. The Office attempted to locate Ms. Terrie Ping separately, but she could not be located on Whitepages.com, Anywho.com, Spokeo.com, or Google.com. A person named Terrie Ping who might be Mr. Ping's former wife was located on Lexis.com, but this person died in July 2000 with no indication of survivors. The Office, therefore, is unable to pay that portion of Mr. Ping's final residual award in the amount of $61.59.

Polish, Claude:    Initial Award: $4,375. Mr. Polish died on February 20, 2009. Mr. Polish had designated his wife, Elizabeth B. Polish, as beneficiary according to the Beneficiary Designation process. Ms. Polish predeceased him, dying on April 1, 1995. Mr. Polish indicated one child on his questionnaire, Beverly Ladnier. Ms. Ladnier was sent Mr. Polish's fourth residual award on August 17, 2011. The check was returned. The check was reissued and sent to her on March 28, 2013. That check too was returned. The check was further reissued and sent to her on August 31, 2013. That check was also returned. The Office, therefore, is unable to pay Mr. Polish's final residual award in the amount of $62.13.

Poole, Elvin:    Initial Award: $12,787. Mr. Poole died on November 19, 2003. Mr. Poole had designated his wife, Pauline Poole, and three children: Elvin Poole, Evelyn Poole Smith, and Elaine Poole, as

beneficiaries according to the Beneficiary Designation process. Ms. Pauline Poole died on February 1, 2007. Her share was then divided among the children. The Poole children were sent their shares of Mr. Poole's fourth residual award on August 17, 2011. Ms. Sandra Poole's check was returned. Ms. Sandra Poole could not be otherwise located on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The Office, therefore, is unable to pay that portion of Mr. Elvin Poole's final residual award in the amount of $11.36.

Ray, Walter A.: Initial Award: $9,141. Mr. Ray died on April 4, 1994. A Florida Court issued Letters of Administration to Henry L. Vaughn on March 8, 1995. Subsequently, a Florida Court issued a Final Judgment Determining Beneficiaries on August 15, 1995 awarding one-eighth of his Estate each to Lisa M. Marks, Pamela Ray King, Ronald Wayne Ray, and Carla Melinda Ray; one quarter to Henry L. Vaughn; and one quarter to the descendents of Edward Aaron Vaughn, Jr.: Eddyth Peggy Vaughn, Deborah Van Dyne, Stephen Ray Vaughn, and Eddy Vaughn in equal shares. Mr. Henry Vaughn died without descendents; his share was divided among the original beneficiaries, according to their proportional shares. Ms. Eddyth Vaughn died on November 19, 2010. The Office was unable to locate her heirs. Ms. Carla Melinda Ray died, without estate, leaving one daughter, Tiffany McManus. Checks in the appropriate amounts were sent to all of those descendents, but Pamela and Tiffany declined to cash the checks. The Office, therefore, is unable to pay those portions of Mr. Ray's final residual award in the total amount of $32.45.

Revilla, Pete S.: Initial Award: $17,231. Mr. Pete S. Revilla died on March 3, 1989. Mr. Revilla had designated his son, Jack A. Revilla, as beneficiary according to the Beneficiary Designation process. The Office could not locate Mr. Jack Revilla, and members of the family were unable to provide his address. Mr. Pete Revilla had four other children: Peter R. Revilla, Rosalie Palicios, Vincent Revilla, and Chris Revilla. Mr. Chris Revilla had died, and had three children: Kristine Revilla, Nazarath Revilla, and Marlo Revilla. Declaration of Heirship Forms were sent to the Revilla children, and to the children of Mr. Chris Revilla. Peter R. Revilla, Rosalie Palicios, and Vincent Revilla returned the Declaration of Heirship Form, providing for their shares to be paid to a trustee, Mr. Genard Ruiz. Nazarath Revilla, Marlo Revilla, and Kristine Revilla also submitted Declaration of Heirship Forms, providing that their shares should be paid to Kristine Revilla. Those shares of the fourth residual award were sent on April 1, 2011. Mr. Ruiz declined to cash the check. The Office, therefore, is unable to pay

that portion of Mr. Pete Revilla's final residual award in the amount of $183.51.

Richards, Lloyd T.: Initial Award: $40,945. Mr. Richards died on September 1, 2006. A Beneficiary Designation Form was submitted to the Office on February 22, 1994, but indicating no primary beneficiaries. The Form indicated three contingent beneficiaries, including Mr. Richards himself, Alberta Bohannon, where the relationship was indicated as "Good friend," and Terusa Bohannon, where the relationship was indicated as "Godchild." The signature on the Beneficiary Designation Form was, in the judgment of the Special Master, not that of Mr. Richards, and so ruled the Beneficiary Designation Form as invalid. Mr. Richards' questionnaire indicated that he was not married at the time of the layoff, and had no children. As a consequence, there is no authority for payment of Mr. Richards' award. The Office, therefore, is unable to pay Mr. Richards' final residual award in the amount of $581.42.

Roselli, Thomas: Initial Award: $7,701. Mr. Roselli died on July 17, 1987. His wife, Emma Roselli, died on February 17, 2002. They had a daughter, Rosalie Roselli, who received Mr. Roselli's third residual award. Ms. Rosalie Roselli submitted a Declaration of Heirship Form on July 13, 2007. She also submitted a Power of Attorney on July 20, 2009, granting Marguerite Miller her Power of Attorney. Mr. Roselli's share of the final residual distribution was sent to the order of Rosalie Roselli in care of Marguerite Miller on July 23, 2012. The Office could not determine the relationship of Ms. Miller to the Rosellis. Ms. Miller returned the check, asking that it be made out in her name, rather than that of Rosalie Roselli, who had died (though the Office had not known it) on February 16, 2011. The Office sent a Declaration of Heirship Form to Ms. Miller on August 1, 2013. Ms. Miller did not return the Form. The Office has no legal basis upon which to send the monies to Ms. Miller and knows of no other relatives. The Office, therefore, is unable to pay the final residual award of Mr. Roselli in the amount of $109.35.

Rourke, J.J. Initial Award: $5,157. Mr. Rourke died on January 12, 1988. His wife, Elva Rourke, died on October 23, 2010. They had no children and the Office has been unable to locate other relatives. The Office, therefore, is unable to pay Mr. Rourke's final residual award in the amount of $72.23.

Roussel, Henry J.: Initial Award: $16,922. Mr. Roussel died on September 29, 2008. Mr. Roussel had designated his wife, Ruby Ann Roussel, as beneficiary according to the Beneficiary Designation process. Ms.

Roussel died on January 2, 2010. Mr. Roussel had five children: Darlene Roussel, Debbie Anand, Duane Roussel, Danna Allo, and Darren Roussel. Their shares of Mr. Roussel's fourth residual award were sent to them on October 19, 2012. Ms. Darlene Roussel declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Roussel's final residual award in the amount of $48.06.

Schieffler, Joseph:    Initial Award: $11,867. Mr. Schieffler died on February 24, 2001. Mr. Schieffler had designated his wife, Sylvia Schieffler, as beneficiary according to the Beneficiary Designation process. Ms. Sylvia Schieffler was sent Mr. Schieffler's fourth residual award on August 17, 2001. She declined to cash the check. The Office, therefore, is unable to pay Mr. Schieffler's final residual award in the amount of $168.51.

Schutow, Wladimir:    Initial Award: $8,047. Mr. Schutow died on November 6, 2006. His surviving relative, Ludmila Ivanowna Linovytskayov, his sister, submitted a Declaration of Heirship Form. Ms. Linovytskayov is a resident of the Ukraine. Thus all correspondence between the Office and her has been through the Ukraine. Ms. Linovytskayov was sent Mr. Schutow's fourth residual award on February 15, 2013, but she declined to cash the check. The Office pursued other relatives of Mr. Schutow in the Ukraine, all unsuccessfully. The Office, therefore, is unable to pay Mr. Schutow's final residual award in the amount of $114.27.

Sepulvado, Leroy:    Initial Award: $4,473. Mr. Sepulvado died on August 10, 1993. A Texas Court affirmed an Heirship Affidavit providing for his Estate to be distributed to his four children: Cheryl A. Sepulvado, Ronald L. Sepulvado, Greg A. Sepulvado, and Glen R. Sepulvado. The appropriate shares of Mr. Sepulvado's fourth residual award were sent to the children on April 1, 2011. Mr. Ronald L. Sepulvado declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Leroy Sepulvado's final residual award in the amount of $15.88.

Shuler, John C.:    Initial Award: $59,269. Mr. Shuler died on April 26, 2008. Mr. Shuler had designated his wife, Shirley Shuler, as beneficiary according to the Beneficiary Designation process, but they were divorced at the time of his death which, according to an Order of the Court, voids the designation. Mr. Shuler had five children: Anthony D. Shuler, Jade S. Slider, Amber R. Shuler, Ronda Biggins, and Thomas A. Kemp. Declarations of Heirship Forms were sent to each of the five children. Mr. Anthony D. Shuler informed the Office that he did not want any money from the

25

settlement. Only Mr. John C. Shuler's daughter, Jade S. Slider, returned the Declaration of Heirship Form, and was paid her share of the Settlement. The Office, therefore, is unable to pay those portions of Mr. Shuler's final residual award in the total amount of $673.30.

Simon, Urbain J.: Initial Award: $25,264. Mr. Simon died on March 16, 2006. Mr. Simon had designated his wife, Bernice H. Simon, as primary beneficiary according to the Beneficiary Designation process. Ms. Simon died on July 18, 2007. Mr. Simon had designated his children, Sandra Rodrigue, Allan J. Simon, Tim P. Simon, and Bobbie Lynn Simon, as contingent beneficiaries. The children were sent their respective shares of Mr. Simon's fourth residual award on August 17, 2011. Ms. Bobbie Lynn Simon Babin declined to cash the check. The Office, therefore, is unable to pay that share of Mr. Urbain Simon's final residual award in the amount of $89.68.

Sitzwohl, Charles R.: Initial Award: $16,688. Mr. Sitzwohl died on May 13, 1995. Mr. Sitzwohl had designated his wife, Lorraine E. Sitzwohl, as beneficiary according to the Beneficiary Designation process. Ms. Lorraine Sitzwohl died on April 5, 2004. Mr. Sitzwohl had four children: Kirk F. Sitzwohl, Robert Sitzwohl, Laura E. Sitzwohl, and Charles F. Sitzwohl. The children were sent their respective shares of Mr. Sitzwohl's fourth residual award on August 17, 2011. Mr. Kirk F. Sitzwohl declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Charles R. Sitzwohl's final residual award in the amount of $59.25.

Skicki, Stanley: Initial Award: $15,925. Mr. Skicki died on November 3, 1995. Mr. Skicki had designated his children, Anthony Skicki, Linda Marie Skicki Benda, and Sharon Rose Skicki Pozniak, as beneficiaries according to the Beneficiary Designation process. The children were sent their respective shares of Mr. Skicki's fourth residual award on August 17, 2011. Mr. Anthony Skicki declined to cash the check. The Office, therefore, is unable to pay that portion of Mr. Stanley Skicki's final residual award in the amount of $75.38.

Stem, Martha L.: Initial Award: $4,375. Ms. Stem died on April 8, 1999. Ms. Stem had designated her children, Raymond H. Stem, John Thomas Stem, and Robert S. Stem, as beneficiaries according to the Beneficiary Designation process. Mr. Robert S. Stem died on May 20, 2010. Mr. Robert Stem had five children: Ashley Thurman, Annie Stem, John Stem, Wyatt Stem, and Olivia Stem. The appropriate shares of Ms. Martha Stem's fourth residual award

were sent to the Stem beneficiaries on October 19, 2012. Her son, Mr. Raymond Stem, and two grandchildren, Ashley Thurman and John Stem, declined to cash the checks. The Office, therefore, is unable to pay those portions of Ms. Martha Stem's final residual award in the total amount of $29.00.

Strama, Mary:

Initial Award: $7,374. Ms. Strama died on October 23, 1988. Ms. Strama left a will, supplemented by a Small Estate Affidavit from an Illinois court, leaving her estate to her five children: Sandra Lee Martin, Thomas Joseph Strama, Mary Jo Matz, Richard Frank Strama, and Wayne William Strama. On April 1, 2011, the Office sent the respective residual shares of award to the five children. The checks to Richard Strama and Thomas Strama were not cashed. On December 18, 2013, the Office spoke with Thomas Strama, confirming his and Richard's addresses and informing him that the Office would be reissuing the checks, though was unable to reach Richard Strama. Thomas Strama informed the Office that he would inform Richard of the reissue. The subsequent checks also were not cashed. On March 3, 2014, the Office again spoke with Thomas Strama, informing him that it was reissuing the checks, which were sent on March 14, 2014. Neither Thomas nor Richard cashed the checks. The Office, therefore, is unable to pay those portions of Ms. Strama's final residual award in the amount of $41.88.

Turner, James William:

Initial Award: $34,538. Mr. Turner died on July 22, 2003. Mr. Turner had designated his mother, Lucille V. Turner, as beneficiary according to the Beneficiary Designation process. A check for Mr. Turner's fourth residual award was sent to Ms. Lucille Turner on August 17, 2011, but was returned. The Office later learned that Ms. Lucille Turner died on January 8, 2012. Mr. Turner had three children: Dionne L. Turner, James W. Turner, III, and Ulique A. Turner. None of the children could be found on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The Office contacted Valerie Johnson, caretaker for Lucille Turner, but she refused to return calls. The Office, therefore, is unable to pay Mr. Turner's final residual award in the amount of $490.44.

Vaughn, Henry C.:

Initial Award: $38,191. Mr. Vaughn died on May 2, 2002. Mr. Vaughn had designated his children, Alexander Hutson and Valerie D. Vaughn, as beneficiaries according to the Beneficiary Designation process. The children were sent their respective shares of Mr. Vaughn's fourth residual award on November 9, 2012. Mr. Alexander Hutson declined to cash the check. The

27

Office, therefore, is unable to pay that portion of Mr. Vaughn's final residual award in the amount of $271.16.

Vidal, A. Carmona:  Initial Award: $11,573. Mr. Vidal died on February 11, 2004. Mr. Vidal had designated his wife, Guillermona Vidal Pinera, and his daughter, Evelyn Vidal, as beneficiaries according to the Beneficiary Designation process. Ms. Guillermona Vidal Pinera died on November 14, 2009. Mr. Vidal's final residual award was sent to Evelyn Vidal on July 23, 2012. It was returned as unclaimed. The check was reissued and sent to her on September 4, 2012. That check also was returned as unclaimed. The Office, therefore, is unable to pay Mr. Vidal's final residual award in the amount of $162.34.

Vieira, Audrey O.:  Initial Award: $6,346. Ms. Vieira died on October 9, 2002. Ms. Vieira had designated her children, Debra Jean Vieira and Craig Winson Vieira, Jr., as beneficiaries according to the Beneficiary Designation process. Their shares of Ms. Vieira's fourth residual award were sent them on October 19, 2012. Mr. Craig Vieira declined to cash the check. The Office, therefore, is unable to pay that portion of Ms. Vieira's final residual award in the amount of $45.05.

Welsh, Donald:  Initial Award: $126,857. Mr. Welsh died on January 6, 1989. A North Carolina Court issued Letters of Administration naming as Administrator Shirley Bridges, Mr. Welsh's daughter. The Estate, however, closed. Declaration of Heirship Forms were sent to Ms. Shirley Bridges, and to her daughter, Rani Holloway, both of whom returned them. Respective shares of Mr. Welsh's final residual award were sent to them on May 30, 2013. Ms. Shirley Bridges signed to receive the check, but declined to cash it. The Office, therefore, is unable to pay that portion of Mr. Welsh's final residual award in the amount of $900.69.

Wiese, Melvin E.:  Initial Award: $4,375. Mr. Wiese died on November 8, 2001. Mr. Weise had designated his wife, Betty L. Wiese, as beneficiary according to the Beneficiary Designation process. Ms. Wiese predeceased him, dying on July 1, 2001. Mr. Wiese had two children: Marcus E. Wiese and Joanna B. Barnett. Mr. Marcus E. Wiese died on January 27, 2002. Mr. Marcus E. Wiese had two children: Jared Wiese and Matthew Wiese. Respective shares of Mr. Melvin Wiese's fourth residual award were sent to Ms. Barnett and to the grandchildren on August 17, 2011. Mr. Jared Wiese and Mr. Matthew Wiese declined to cash the checks. The Office, therefore, is unable to pay those portions of Mr. Melvin Wiese's final residual award in the total amount of $31.06.

28

Yancius, Albert:            Initial Award: $10,934.  Mr. Yancius died on August 10, 2002.
                            Mr. Yancius had designated his wife, Paula Yancius, and his
                            children, Rosemary Yancius, Albert Yancius, Jr., and Gary
                            Yancius, as beneficiaries according to the Beneficiary Designation
                            process. Ms. Paula Yancius died on March 3, 2007. Mr. Gary
                            Yancius died on March 21, 2004.  The Office determined that Mr.
                            Gary Yancius had one child, Kyle Yancius.  Appropriate shares of
                            Mr. Albert Yancius' fourth residual award were sent to the
                            beneficiaries on August 17, 2011.  Mr. Kyle Yancius declined to
                            cash the check.  The Office, therefore, is unable to pay that portion
                            of Mr. Albert Yancius' final residual award in the amount of
                            $51.75.

Zelek, John Theodore:       Initial Award: $13,749.  Mr. Zelek died on October 19, 1987.  A
                            Small Estate Affidavit from an Illinois Court provided that Mr.
                            Zelek's Estate was to be distributed, one-half to his wife, Carol L.
                            Zelek, and one-tenth each to his children Lorraine Zelek, Leonore
                            Moser, Lisa George, Joanna Zelek, and Jamie Zelek.  Appropriate
                            shares of Mr. Zelek's fourth residual award were sent to his
                            beneficiaries on April 1, 2011.  Mr. Jamie Zelek declined to cash
                            the check.  The Office, therefore, is unable to pay that portion of
                            Mr. Zelek's final residual award in the amount of $19.52.

## II. Jakub/Gavalik Class Members

Babin, Gabriel G.:          Initial Award: $13,289.  Mr. Babin died on September 19, 2003.
                            Mr. Babin had designated his wife, Rose R. Babin, as primary
                            beneficiary according to the Beneficiary Designation process. Ms.
                            Babin died on April 6, 2004.  Mr. Babin had designated his
                            children, Janet R. Sendro, Nancy Wolk, and Diane M. Voight, as
                            contingent beneficiaries.  The children were sent their respective
                            shares of Mr. Babin's final residual award on August 17, 2011.
                            Ms. Diane M. Voight declined to cash her check.  The Office,
                            therefore, is unable to pay that portion of Mr. Babin's final residual
                            award in the amount of $62.90.

DeSalvo, Roger P.:          Initial Award: $16,598.  Mr. DeSalvo died on December 18, 1990.
                            A Pennsylvania Court issued Letters of Administration to his wife,
                            Alberta DeSalvo.  Ms. DeSalvo died on September 26, 2001.  A
                            Pennsylvania Court issued further Letters of Administration to Mr.
                            DeSalvo's daughter, Cindy A. King. The Office was unable to
                            locate Ms. Cindy King on Whitepages.com, Zabasearch.com,
                            Anywho.com, Spokeo.com, Google.com, or Lexis.com.  Mr.
                            DeSalvo had three other children:  Roger Michael DeSalvo, Joseph

29

|  | Anthony DeSalvo, and Albert Allan DeSalvo.  Declaration of Heirship Forms were sent to those children, but not returned.  Different addresses could not be located for them on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com.  The Office, therefore, is unable to pay Mr. DeSalvo's final residual award in the amount of $235.69. |
|---|---|
| Fleming, Arthur: | Initial Award: $30,694.  Mr. Fleming died on March 6, 2000.  Mr. Fleming had designated his daughter, Kitty Anderson, as beneficiary according to the Beneficiary Designation process.  Ms. Anderson died on July 31, 2009.  The Office was unable to locate any other relatives of Mr. Fleming.  The Office, therefore, is unable to pay Mr. Fleming's final residual award in the amount of $435.85. |
| Gerber, Joseph J.: | Initial Award: $64,376.  Mr. Gerber died on January 20, 1994.  A Pennsylvania Court issued Letters of Administration  to Agnes A. Hall.  The estate, however, closed.  Declaration of Heirship Forms were sent to Ms. Agnes A. Hall and to her sister, who had served as her guardian, Ms. Anna Marie Hall, on March 1, 2012.  Ms. Anna Marie Hall informed the office that Agnes A. Hall had died, and that she, Anna Marie Hall, did "not want to pursue this matter."  The Office, therefore, is unable to pay Mr. Gerber's final residual award in the amount of $914.14. |
| Hischuck, Walter K.: | Initial Award: $9,123.  Ms. Hischuck died on August 13, 2007.  Mr. Hischuck had designated Anna Katynski, as beneficiary according to the Beneficiary Designation process.  Ms. Katynski died on March 30, 2008.  Mr. Hischuck had no children, and was not married.  The Office contacted the attorney for the Estate of Anna Katynski, who informed the Office that, "if the heirs to Anna's Estate were interested . . . they would be in touch with us."  The attorney would not give the Office the names of any heirs, so the Office was unable to contact them directly.  The Office has received no word from any heir of Anna Katynski.  The Office, therefore, is unable to pay Mr. Hischuck's final residual award in the amount of $129.55. |
| Horbiak, Michael: | Initial Award: $4,375.  Mr. Horbiak died on February 16, 1996.  Mr. Horbiak had designated his daughters, Joan Rogers and Patricia Jones, as beneficiaries according to the Beneficiary Designation process.  The daughters were sent their shares of Mr. Horbiak's fourth residual award on August 17, 2011.  Ms. Patricia Jones declined to cash the check.  The Office, therefore, is unable to pay that portion of Mr. Horbiak's final residual award in the amount of $31.06. |

| | |
|---|---|
| Johnen, Jerry J.: | Initial Award: $17,061. Mr. Johnen died on August 15, 1992. An Ohio Court issued Letters of Administration to Donna J. Johnen, Mr. Johnen's wife. The Office sent Mr. Johnen's fourth residual award to Ms. Johnen, payable to the Estate, on March 11, 2001. Ms. Johnen returned the check, indicating that the Estate was closed. The Office sent Ms. Johnen a Declaration of Heirship Form on March 1, 2012. Ms. Johnen did not return the Declaration. The Office, therefore, is unable to pay Mr. Johnen's final residual award in the amount of $242.27. |
| Johnson, Rowland R.: | Initial Award: $104,721. Mr. Johnson died on April 1, 1991. A Pennsylvania Court issued Letters of Administration to Beatrice M. Johnson, Mr. Johnson's wife. The Office sent Mr. Johnson's fourth residual award to Ms. Beatrice Johnson on March11, 2011, but the check was returned. The Office later learned that Ms. Beatrice Johnson died on December 21, 2010. Mr. Johnson had five children: Brenda, Rowland, Allen, Michael, and Jessica Johnson. The Office was able to obtain addresses for all but Michael, whose only known address was "Okinawa, Japan." The Office sent Declaration of Heirship Forms to each of the other four children, but they did not return the Declarations. The Office, therefore, is unable to pay Mr. Johnson's final residual award in the amount of $1,487.04. |
| Knight, Mary E.: | Initial Award: $6,691. Ms. Knight died on October 20, 1995. A Pennsylvania Court issued Letters of Administration to Earl T. McPherson, Sr., whose relationship to Ms. Knight could not be determined. The only address available for Mr. McPherson was in care of an attorney, Mr. Melvin Bassi. The Office attempted to contact Mr. Bassi to learn if the Estate was still open and to obtain an address for Mr. McPherson. Mr. Bassi had died. His sons continued the practice, but informed the Office that "no one at the firm knows if the Estate for Mary Knight is still open, although unlikely." They did not have an address for Mr. McPherson. Ms. Knight was not married and had no children. The Office, therefore, is unable to pay Ms. Knight's final residual award in the amount of $95.01. |
| Kubala, John: | Initial Award: $13,948. Mr. Kubala died on September 27, 1997. Mr. Kubala had designated his wife, Jean Kubala, as beneficiary according to the Beneficiary Designation process. Mr. Kubala's fourth residual award was sent to Ms. Jean Kubala on August 17, 2011. She declined to cash the check. The Office, therefore, is unable to pay Mr. Kubala's final residual award in the amount of $198.06. |

Kwolek, Joseph:                 Initial Award: $15,491. Mr. Kwolek died on April 24, 2009. Mr.
                                Kwolek had designated Ms. Betty Lueckert as beneficiary
                                according to the Beneficiary Designation process. They were not
                                married. Ms. Lueckert was sent Mr. Kwolek's final residual award
                                on August 17, 2011. The check was returned. The Office learned
                                that Ms. Lueckert had died on March 22, 2006. The Office located
                                the son of Ms. Lueckert, Mr. David Lueckert, and sent him a
                                Declaration of Heirship Form on January 10, 2013. Mr. Lueckert
                                did not return the Form. The Office, therefore, is unable to pay
                                Mr. Kwolek's final residual award in the amount of $219.97.

Matisic, Matthew J.:            Initial Award: $13,960. Mr. Matisic died on October 7, 2009.
                                Mr. Matisic was not married, and listed no children on his
                                questionnaire. The Office was unable to locate any other relatives
                                of Mr. Matisic. The Office, therefore, is unable to pay Mr.
                                Matisic's final residual award in the amount of $198.23.

Otawka, Joseph:                 Initial Award: $22,608. Mr. Otawka died on July 1, 1991. A
                                Pennsylvania Court issued Letters of Administration to his wife,
                                Lillian E. Otawka. Ms. Otawka died on April 7, 2007. The Office
                                determined that Ms. Otawka had a son, Edmund Gruber, though
                                Mr. Otawka did not list him as a child on the questionnaire. The
                                Office learned, however, that Mr. Gruber died on May 1, 2011.
                                The Office attempted to contact Mr. Gruber's wife, Ann, but she
                                refused to talk to the Office. The Office, therefore, is unable to
                                pay Mr. Otawka's final residual award in the amount of $321.03.

Pasquarelli, Richard D.:        Initial Award: $15,373. Mr. Pasquarelli died on August 3, 2006.
                                Mr. Pasquarelli had designated his daughter, Amy Pasquarelli, as
                                beneficiary according to the Beneficiary Designation process. Ms.
                                Pasquarelli was sent Mr. Pasquarelli's final residual award on
                                August 17, 2011, but the check was returned. The Office could not
                                locate a different address for Ms. Pasquarelli on Whitepages.com,
                                Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or
                                Lexis.com. The Office, therefore, is unable to pay Mr.
                                Pasquarelli's final residual award in the amount of $218.30.

Peyton, John H.:                Initial Award: $49,034. Mr. Peyton died on January 1, 2010. Mr.
                                Peyton had designated his sister, Catherine D. Peyton, as primary
                                beneficiary to receive fifty percent of his subsequent residual
                                awards, and his children, John Q. Hatcher, Jr., Raymond W.
                                Jenkins, and Larita C. Jenkins, as contingent beneficiaries, to
                                receive, respectively, twenty percent, fifteen percent, and fifteen
                                percent of his subsequent residual awards according to the
                                Beneficiary Designation process. Obviously, Mr. Peyton did not

32

fully understand the primary/contingent beneficiary distinction. The Office wrote to Mr. Peyton on June 2, 2000, asking him to clarify his designations, but he did not respond. The Special Master interpreted the designation as treating all as primary beneficiaries, totaling the entire award. Checks representing Mr. Peyton's share of the final residual distribution were sent to the beneficiaries on August 17, 2011. Mr. John Hatcher, Jr. declined to cash his check. The Office, therefore, is unable to pay that portion of Mr. Peyton's final residual award in the amount of $139.26.

Pollack, Edward A.: Initial Award: $8,596. Mr. Pollack died on August 27, 1992. A Pennsylvania Court appointed his daughter, R. Melanie Paradise, as Executrix of his Estate. On March 11, 2011, Mr. Pollack's fourth residual award was sent to Ms. Paradise. She did not cash the check. On August 11, 2013, a reissued check was sent to Ms. Paradise. She did not cash the check. On November 29, 2013, Ms. Paradise mailed both checks back to the Office, informing that the Estate had been closed and asking us to reissue the check to her directly. On March 4, 2014, a check was sent payable to R. Melanie Paradise. Ms. Paradise declined to cash the check. The Office, therefore, is unable to pay Mr. Pollack's final residual award in the amount of $122.06.

Probola-Rodgers, Louise: Initial Award: $9,523. Ms. Probola-Rodgers died on December 7, 1990. A Florida Court issued Letters of Administration to her husband, Allan L. McAvoy. Mr. McAvoy died on March 14, 1998. Ms. Probola-Rodgers indicated that she had no children. The executor of Mr. McAvoy's Estate, Cynthia Dyal, submitted a Declaration of Heirship Form. Ms. Dyal was sent Ms. Probola-Rodgers' final residual award on April 1, 2011, but the check was returned. The Office learned that Ms. Dyal had died on October 13, 2010. The Office could not identify any further relatives of Ms. Probola-Rodgers. The Office, therefore, is unable to pay the final residual award of Ms. Probola-Rodgers in the amount of $135.23.

Sawko, Andrew: Initial Award: $37,747. Mr. Sawko died on December 10, 1993. A Pennsylvania Court issued Letters of Administration to his wife, Diane E. Sawko. Ms. Diane Sawko died on April 19, 1997. A Pennsylvania Court issued Letters of Administration for Ms. Sawko's Estate to Sherry Lynn Johnson. Mr. Sawko's fourth residual award was sent to Ms. Johnson on August 31, 2013. She declined to cash the check. The Office, therefore, is unable to pay Mr. Andrew Sawko's final residual award in the amount of $536.01.

33

| | |
|---|---|
| Sibert, Richard J.: | Initial Award: $16,541. Mr. Sibert died on September 17, 2006. Mr. Sibert had designated his children, Audrey J. Kitzen, Bay A. Sibert, and Katrina L. Antosz, as beneficiaries according to the Beneficiary Designation process. An address was found for Katrina L. Antosz, and her share of the fourth residual award was sent on August 17, 2011. The check was returned. The Office could not locate Audrey Kitzen, Bay A. Sibert, or another address for Katrina Antosz, on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The Office, therefore, is unable to pay Mr. Sibert's final residual award in the amount of $234.88. |
| Todd, Francis J.: | Initial Award: $14,497. Mr. Todd died on February 19, 2009. Mr. Todd designated his wife, Shirley L. Todd, as primary beneficiary according to the Beneficiary Designation process. Ms. Todd could not be located on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. Mr. Todd had designated his son, Kevin E. Todd, as contingent beneficiary. The Office could not locate Mr. Kevin Todd on Whitepages.com, Zabasearch.com, Anywho.com, Spokeo.com, Google.com, or Lexis.com. The Office, therefore, is unable to pay Mr. Todd's final residual award in the amount of $205.86. |
| West, Lena S.: | Initial Award: $8,506. Ms. West died on November 13, 2003. Ms. West had designated her children, Norma F. Mochtyak and Earl F. West, as beneficiaries according to the Beneficiary Designation process. Mr. Earl F. West died on January 20, 2006. Mr. Earl West had two children, Shawn West and Earl West. The beneficiaries were sent their respective shares of Ms. West's fourth residual award on August 31, 2011. Mr. Shawn West declined to cash the check. The Office, therefore, is unable to pay that portion of Ms. West's residual award in the amount of $30.19. |
| Yogan, Thomas: | Initial Award: $7,832. Mr. Yogan died on August 11, 1992. A Pennsylvania Court issued Letters of Administration to his wife, Delores A. Yogan. Ms. Delores Yogan died on December 19, 2008. Mr. Yogan had four children: Thomas Yogan, Dale Yogan, Jay Yogan, and Gary Yogan. The Yogan children were sent Declaration of Heirship Forms, which were returned by Thomas, Dale, and Gary Yogan. Mr. Jay Yogan informed the office that he did not want to participate in the settlement. Appropriate shares of Mr. Yogan's fourth residual payment were sent to Thomas, Dale, and Gary Yogan on November 19, 2012. Mr. Dale Yogan declined to cash the check. The Office, therefore, is unable to pay those |

34

portions of Mr. Thomas Yogan's final residual award in the total
amount of $111.21.

### III.  Special Offer of Settlement Participants

This Settlement participant is affected because of timing.  As a Special Offer of

Settlement participant, he or his beneficiaries are not entitled to a residual award.  The payment

of the participant's FICA award could not be completed or discussed in the Special Master's

previous Waiver Reports, because of the Office's ongoing efforts to pay the participant, which

extended beyond the time of the filings of the previous Reports regarding waivers.

Alman, John Harrington:    Special Settlement Award:  $13,200.  Mr. Alman was sent his
initial settlement.  He filed for a FICA refund.  The FICA refund
check was sent to him on September 10, 2007, but the check was
not cashed.  Mr. Alman was contacted by the Office, and a second
check was sent to him on July 9, 2008, but it too was not cashed.
Mr. Alman was contacted by the Office again, and a third check
was sent to him on August 31, 2009.  That check, too, was not
cashed prior to the First Supplemental Waiver Report of
September 30, 2009.  It was not cashed subsequently.  The Office,
therefore, is unable to pay Mr. Alman's FICA refund in the amount
of $452.04.

### IV.  Class Members Subject to Earlier Waiver Orders

As discussed above, the Court approved two earlier Recommendations of the Special

Master to waive payment from the Settlement Fund, as appropriate.  At the time that the Reports

and Recommendations of the Special Master were entered, the amount of the fourth and final

residual award had not been determined.  Below are the amounts of the final residual awards of

those class members indicated in the previous Reports of the Special Master that the Office,

similarly, is unable to pay.  Note that, in anticipation that these amounts would be waived, the

monies were added to the amounts awarded to the remainder of the class in the fourth and final residual award.

## A. McLendon Class Members

| | |
|---|---|
| Best, Fred A.: | Initial Award: $61,807. The Office is unable to pay Mr. Best's final residual award in the amount of $877.66. |
| Books, Terrence: | Initial Award: $359. The Office is unable to pay Mr. Books' final residual award in the amount of $5.10. |
| Brantley, Ethel: | Initial Award: $9,309. The Office is unable to pay Ms. Brantley's final residual award in the amount of $132.19. |
| Brewer, Stanley W.: | Initial Award: $5,919. The Office is unable to pay Mr. Brewer's final residual award in the amount of $84.05. |
| Brown, Edom: | Initial Award: $33,216. The Office is unable to pay Mr. Brown's final residual award in the amount of $471.67. |
| Buchanan, Alan D.: | Initial Award: $47,256. The Office is unable to pay Mr. Buchanan's final residual award in the amount of $671.04 |
| Burns, Gloria: | Initial Award: $54,905. The Office is unable to pay Ms. Burns' final residual award in the amount of $779.65. |
| Butler, John: | Initial Award: $22,674. The Office is unable to pay Mr. Butler's final residual award in the amount of $321.97. |
| Dailey, Anita M.: | Initial Award: $7,934. The Office is unable to pay Ms. Dailey's final residual award in the amount of $112.66. |
| Dietze, George L.: | Initial Award: $10,920. The Office is unable to pay Mr. Dietze's final residual award in the amount of $155.06. |
| Epperly, William C.: | Initial Award: $10,938. The Office is unable to pay Mr. Epperly's final residual award in the amount of $155.32. |
| Fleming, David J.: | Initial Award: $12,618. The Office is unable to pay Mr. Fleming's final residual award in the amount of $179.18. |
| Gauthier, Ernest W.: | Initial Award: $6,421. The Office is unable to pay Mr. Gauthier's final residual award in the amount of $91.18. |

| | |
|---|---|
| Gorner, Donald: | Initial Award: $7,082. The Office is unable to pay Mr. Gorner's final residual award in the amount of $100.56. |
| Humphrey, James D.: | Initial Award: $15,306. The Office is unable to pay Mr. Humphrey's final residual award in the amount of $217.35. |
| Hunter, Eddie: | Initial Award: $135,684. The Office is unable to pay Ms. Hunter's final residual award in the amount of $1,926.71 |
| Johnson, Theodore E.: | Initial Award: $6,845. The Office is unable to pay Mr. Theodore E. Johnson's final residual award in the amount of $97.20. |
| Johnson, MacArthur: | Initial award: $24,293. The Office is unable to pay Mr. MacArthur Johnson's final residual award in the amount of $344.96. |
| Keating, Patricia A.: | Initial Award: $8,101. The Office is unable to pay Ms. Keating's final residual award in the amount of $115.03. |
| Kerr, Gary W.: | Initial Award: $24,309. The Office is unable to pay Mr. Kerr's final residual award in the amount of $345.19 |
| MacNamara, Archibald: | Initial Award: $14,491. The Office is unable to pay Mr. MacNamara's final residual award in the amount of $205.77. |
| Morris, Stella J. Walker: | Initial Award: $134,400. The Office is unable to pay Ms. Morris' final residual award in the amount of $1,908.48. |
| Okonski, Willie B.: | Initial Award: $4,375. The Office is unable to pay Mr. Okonski's final residual award in the amount of $62.15. |
| Page, Helen L.: | Initial Award: $4,135. The Office is unable to pay Ms. Page's final residual award in the amount of $58.72. |
| Perez, Lupe: | Initial Award: $15,546. The Office is unable to pay Mr. Perez's final residual award in the amount of $220.75. |
| Perkins, Dennis: | Initial Award: $12,895. The Office is unable to pay Mr. Perkins' final residual award in the amount of $183.11. |
| Primiano, Carmen: | Initial Award: $32,737. The Office is unable to pay Mr. Primiano's final residual award in the amount of $464.87. |
| Rouleau, Lester E.: | Initial Award: $13,311. The Office is unable to pay Mr. Rouleau's final residual award in the amount of $189.02. |

| | |
|---|---|
| Rutyna, Stanley: | Initial Award: $5,974. The Office is unable to pay Mr. Rutyna's final residual award in the amount of $84.83. |
| Sage, Charles: | Initial Award: $4,375. The Office is unable to pay Mr. Sage's final residual award in the amount of $62.13. |
| Samples, Ron: | Initial Award: $73,282. The Office is unable to pay Mr. Samples' final residual award in the amount of $1,040.60. |
| Sullivan, Eugene D.: | Initial Award: $43,058. The Office is unable to pay Mr. Sullivan's final residual award in the amount of $611.42. |
| Talbot, Kenneth: | Initial Award: $52,411. The Office is unable to pay Mr. Talbot's final residual award in the amount of $744.24. |
| Townes, Donald A.: | Initial Award: $9,881. The Office is unable to pay Mr. Townes' final residual award in the amount of $140.31. |
| Wharton, Richard T.: | Initial Award: $84,448. The Office is unable to pay Mr. Wharton's final residual award in the amount of $1,199.16. |
| Williams, Charles Elliott: | Initial Award: $101,569. The Office is unable to pay Mr. Charles Elliott Williams' final residual award in the amount of $1,442.28. |
| Williams, Jr., Walter: | Initial Award: $37,207. The Office is unable to pay Mr. Walter Williams, Jr.s' final residual award in the amount of $528.34. |
| Wilson, Floyd E.: | Initial Award: $6,305. The Office is unable to pay Mr. Wilson's final residual award in the amount of $90.10. |

B. Jakub/Gavalik Class Members

| | |
|---|---|
| Haber, Robert J.: | Initial Award: $5,547. The Office is unable to pay Mr. Haber's final residual award in the amount of $78.77. |
| Martin, Jack E.: | Initial Award: $10,408. The Office is unable to pay Mr. Martin's final residual award in the amount of $147.79. |
| Polcawich, Ronald G.: | Initial Award: $25,989. The Office is unable to pay Mr. Polcawich's final residual award in the amount of $369.04. |
| Walker, James F.: | Initial Award: $25,649. The Office is unable to pay Mr. Walker's final residual award in the amount of $364.22. |

## V. Conclusion and Recommendation

For the reasons stated, the Special Master recommends that the Court declare that the various awards to class members and settlement participants listed above be considered as having been waived, and that those monies be retained for the payment of further Settlement Fund expenses.


_____
Date     February 13, 2015

                                _____
                                 George L. Priest
                                 Special Master