<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CECIL MCLENDON, et al., | |
|     Plaintiffs, | Civil Action No. 83-1340 (DRD) |
| v. | |
| THE CONTINENTAL GROUP, INC., et al., | |
|     Defendants. | |
| ALBERT J. JAKUB, et al., | |
|     Plaintiffs, | Civil Action No. 89-4009 |
| v. | |
| THE CONTINENTAL GROUP, INC., et al., | |
|     Defendants. | |
| ROBERT GAVALIK, et al., | |
|     Plaintiffs, | Civil Action No. 89-4066 |
| v. | ORDER and OPINION APPROVING REPORTS AND RECOMMENDATIONS OF SPECIAL MASTER |
| THE CONTINENTAL GROUP, INC., et al., | |
|     Defendants. | |

**APPEARANCES**:

    Rose A. Wehner, Esq.
    Law Office of Rose A. Wehner PC
    1 North LaSalle Street, 44th Floor
    Chicago, IL 60602
        *Attorney for Plaintiffs, Cecil McLendon, et al.*

John G. Jacobs, Esq.
Jacobs Kolton, Chartered
55 West Monroe Street
Suite 2970
Chicago, IL 60603
    *Attorney for Plaintiffs, Cecil McLendon, et al.*

Roslyn Litman, Esq.
The Litman Law Firm
One Oxford Center, 34th Floor
Pittsburgh, PA 15219-1407
    *Attorney for Plaintiffs, Albert J. Jakub, et al. and Robert Gavalik, et al.*

Martha Helmreich, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
    *Attorney for Plaintiffs, Albert J. Jakub, et al. and Robert Gavalik, et al.*

Fred H. Bartlit, Jr., Esq.
Don Scott, Esq.
Bartlit Beck Herman Palenchar & Scott LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, IL 60654
    *Attorney for Defendants*

Timothy J. Thalken, Esq.
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
    *Attorney for Defendants*

George L. Priest
350 Livingston Street
New Haven, CT 06511
    *Special Master*

**Debevoise, Senior U.S. District Judge**

## INTRODUCTION

This action was settled through a Settlement Agreement dated December 19, 1990, pursuant to which settlement monies were distributed in accordance with a Plan of Distribution. Special Master George L. Priest supervised the extraordinarily complex distribution process, complicated by the length of time required to effect distributions, the necessity to apply for FICA tax refunds, dispersal and deaths of class members.

The Special Master has now filed three Reports and Recommendations that require Court approval:

> 1. Second Supplemental Report and Recommendation of the Special Master with Regard to the Waiver of Certain Settlement Payments;
>
> 2. Second Supplemental Report of the Special Master with Respect to Certain Class Members Overpaid During the Distribution of the Settlement;
>
> 3. Report and Recommendation of the Special Master with Regard to the Termination of the Settlement.

## I.  WAIVER OF PAYMENTS

The Special Master filed a Report and Recommendation on August 31, 2009, with regard to the waiver by class members and participants in the Special Offer of Settlement of payments from the Settlement Fund to that date. In that Report, the Special Master reported those class members and offer participants who had voluntarily waived receipt of payments from the Settlement Fund as well as those who could not be located and whose shares either of the initial award; of the first, second or third residual awards; of the FICA refund payment; or of the Special

3

Offer of Settlement award, as appropriate, should be waived and returned to the Settlement Fund. With respect to those class members in these categories entitled to residual awards, the Special Master also recommended waiver of their share of the fourth residual distribution, though that amount could not be determined until after approval of the Recommendation and calculation of the fourth residual award. The Special Master filed a First Supplemental Report and Recommendation on September 30, 2009, with respect to additional class members fitting these categories. The Court approved both Reports and Recommendations, and those monies waived were added to the amounts distributed from the Settlement Fund in the fourth and final residual award to the members of the class entitled to that award. The Special Master determined that, after reserves for future distribution expenses, each class member entitled to a fourth residual award would receive .0142 percent of his or her initial award. This fourth residual award, along with reserves for fees and costs, would then exhaust the Settlement Fund.

In addition to the class members referenced in these earlier Reports, there are a number of class members to whom the Office of the Special Master is unable to pay the fourth and final residual award, typically either because the class member or his or her heirs or beneficiaries could not be located or because that class member or beneficiary has declined to accept or to cash the Settlement Fund check. There is also one Special Settlement participant in this category. The Report documents those individuals and recommends that those Settlement Fund shares be considered as having been waived to the benefit of the class. The Report also documents the fourth residual shares of those class members, entitled to such awards, that were earlier declared waived by Order of the Court.

All members of the class and all Special Offer of Settlement participants who could be located have been sent their appropriate shares of the Settlement Fund as approved by the Court. The monies waived, if the Recommendation of the Special Master is approved, will be employed to pay outstanding statements from the many professionals, accountants and attorneys, who have executed this settlement. As reported earlier to the Court, the Special Master asked each attorney and the accountant for the class to submit a fixed maximum fee for services in implementing the fourth residual distribution and completion of the settlement. The Special Master reserved those amounts for future payment. In many, though not in all, cases, the amounts reserved were insufficient and some of the attorneys and especially the accountant for the class, McGladrey, cannot be paid the full amount for the services they have rendered the class. These waived monies will contribute toward those payments, but will not be adequate to satisfy them.

Part I of this Report of the Special Master addresses the waiver or partial waiver of the fourth residual distribution by McLendon class members or their heirs or beneficiaries not documented in the earlier Reports of the Special Master. The extraordinary effort to locate 120 class members is listed in Part I and Part II of the Special Master's Report and is described in 31 single-spaced typewritten pages. This included searching not only for the class members but also searching for his or her heirs or assignees who might be entitled to all or a portion of his or her award. In each case, the amount of the fourth residual distribution or portion of the fourth residual distribution, the owner of which could not be found, would be deemed to be waived. This information is set forth in Parts I and II of the Report. Part II of the Report of the Special Master addresses waivers by Jakub/Gavalik class members or heirs or beneficiaries. In each of these cases, the class member or heir or beneficiary was paid the initial payment; the first, second and

5

third residual payments; and the FICA refund payment, where appropriate. Thus, in the Waiver Report and Recommendation, only the fourth residual payment, or some share of that payment, is recommended as having been waived. Part III of the Report of the Special Master addresses the case of one participant in the Special Offer of Settlement whose payment is recommended to be waived. Part IV of the Report supplements the Special Master's Reports and Recommendations of August 31, 2009, and September 30, 2009, by reporting the amounts of the final residual distribution (amounts that could not be determined earlier) waived pursuant to those Recommendations which, as mentioned, were approved by the Court.

For the reasons stated in his Waiver Report, the Special Master recommends that the Court declare that the various awards to class members and settlement participants listed in the Report be considered as having been waived, and that those monies be retained for the payment of further Settlement Fund expenses.

## II.   OVERPAYMENTS

As part of the preparation to make a final distribution the Special Master submitted a Report and Recommendation and a Final Supplemental Report and Recommendation with Respect to Certain Class Members Overpaid during the Distribution of the Settlement Fund. Three classes of class members received overpayments:  (i) class members whose Continental payroll records failed to indicate a recall or receipt of a pension; (ii) a small number of individuals whom the accountants overpaid because of administrative errors; and (iii) recalled workers whose claims the Court resolved by an Order dated September 1, 1997.

In each case when an overpayment was detected the class member was contacted by the attorneys for the class or the Special Master and repayment requested. Except in one case,

repayment was impractical.  Upon agreement of counsel for the class and the Special Master, agreements were subsequently reached with each affected class member to return to the Settlement Fund all overpaid amounts placed into the pension fund and to deduct the pre-tax amounts overpaid from subsequent pre-tax residual awards, with the promise of the Special Master's Office that it would not seek repayment of the cash overpayment should subsequent residual awards not equal the amount of the overpayment.  The accountants agreed to repay to the Settlement Fund any amounts that remained overpaid following recoupment through residual awards and FICA tax refunds, including through the final fourth residual award.

The Report set forth the exact amounts of residual awards retained in the Settlement Fund or subsequently paid out to each of these class members.  The Report in redacted form was sent to each affected class member or, if deceased, to his or her successor on September 1, 2009, providing Notice of the filing of the Report and of the hearing scheduled for October 5, 2009, to hear the report.  Following the determination of the final fourth residual award, the Special Master undertook to inform each class member who had been overpaid or who had satisfied the initial overpayment of the final accounting and to file a Supplemental Report memorializing for each affected class member the final overpayment calculation.

The First Supplemental Report and Recommendation reported responses received by the Office of the Special Master through September 29, 2009.  No class member or class member relative objected to the Report and Recommendation.

The Second Supplemental Report relates the status of each affected class member's overpayment through the fourth and final residual distribution in this settlement, as required by the October 6, 2009, Order of the Court.  The fourth residual distribution equaled .0142 percent

of each class member's initial award. Where there were remaining overpayments, the class member's fourth residual award was retained in the Settlement Fund, in partial recoupment. These various recoupments were anticipated prior to the calculation of the monies available for the fourth residual distribution and were added to the amounts sent to members of the class in that distribution.

The Second Report listed each class member who received an overpayment, set forth his or her third residual distribution, the amount he or she was overpaid, the amount of his or her fourth residual distribution, and the amount of the remaining overpayment after crediting the amount of the fourth residual distribution.

Several class members were overpaid as a result of clerical errors of the accountants, who agreed to reimburse the class for these amounts after receiving credit for the repayment from the class member's fourth residual distribution. The Report lists the affected class members, the amount of his or her overpayment through the third residual distribution, his or her fourth residual distribution, and the remaining overpaid award. The Report also lists the overpayments that are subject to a previous Order of the Court.

As stated above, collection of the balance of the overpaid amounts was impractical, and upon agreement of counsel for the class and the Special Master, agreements were subsequently reached with each overpaid class member to return to the Settlement Fund all overpaid amounts placed into the person's fund and to deduct the pre-tax amounts overpaid from subsequent pre-tax residual awards, with the promise of the Special Master's Office that it would not seek repayment of the cash overpayment should subsequent residual awards not equal the amount of the overpayment.

8

### III.  TERMINATION OF THE SETTLEMENT

Suit was filed in this litigation in Gavalik, supra, in 1981; in Jakub, supra, in 1982; and in McLendon, supra, in 1983.  Each lawsuit alleged violations of § 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140, and of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq.  Two lengthy trials were conducted and appeals followed both.  In 1987, the Third Circuit Court of Appeals ruled that the defendants' Liability Avoidance Plan as implemented at Plants 72 and 478 Pittsburgh constituted a violation of ERISA.  Gavalik v. Continental Can Co., 812 F.2d 834 (3d Cir. 1987), cert. denied, 108 S.Ct. 495 (1987).  In 1989, this Court found that the defendants' implementation of the Liability Avoidance Program at Plant 73 St. Louis constituted the determining factor in the layoffs of 315 class members.  McLendon v. Continental Group, 749 F.Supp. 582 (D.N.J. 1989), aff'd 908 F.2d 1171 (3d Cir. 1990).  The cases were consolidated before the Honorable H. Lee Sarokin and, subsequently, the undersigned.

The parties settled the case, without a concession of liability, on December 19, 1990, for the sum of $415 million, a settlement which, after careful consideration, this Court approved. Subsequent amendments to the Settlement Agreement provided for payments to additional Continental Can employees not members of the class, but potentially affected by the Continental program.

The attorneys for the class believed that the settlement monies, from which, according to the terms of the Settlement Agreement, full income taxes were withheld, constituted personal injury damages and, thus, should be exempt from income taxation under the Internal Revenue Code.  Negotiations, including litigation reaching four separate Courts of Appeal, were concluded

with a settlement with the Internal Revenue Service of a partial, though substantial, return of withheld taxes to affected class members or their successors.

In sum, the total of $418,047,492.52 was disbursed to class members and Special Settlement participants or successors; another $7,110,888.00 in tax refunds. All class members and Special Settlement Participants or their successors, with the exception of those that could not be located or who otherwise waived payment, have been paid.

There were additional achievements of the litigation. With the substantial aid of Professors Judith Resnick and John H. Langbein, the Court approved the implementation of several procedures of important assistance in the administration of class action settlements, for spouses of class members, and for class actions that run, as has this litigation, over lengthy periods of time:

> 1. an Order providing for the notification of former spouses of class members or settlement participants, giving them the opportunity to file state-court approved child support or marital orders against the settlement shares of a class member. In this case, many hundreds of former spouses filed unpaid child support or marital orders that were levied by this Order against class member shares;
>
> 2. an Order providing for the designation by a class member of beneficiaries to receive subsequent payments from the settlement fund in case of a class member's death without the necessity of opening an estate; and
>
> 3. an Order providing that successors of a deceased class member could declare their status as heirs, again without the necessity of opening an estate.

It is the understanding of the undersigned that each of these Orders and processes approved by the Court is unique to this litigation and, after the settlement is complete, will be more generally publicized in the legal community, to the benefit of future class action litigation.

The litigation and the settlement could not have been completed without the extraordinary efforts of the attorneys for the class. The Special Master is generous in his expression of

appreciation of the efforts of those who contributed to the Settlement and the implementation of the Settlement. Many attorneys worked on the case but of particular note are the class attorneys Daniel P. McIntyre and the late Robert Plotkin with regard to the litigation and John G. Jacobs, Rose Wehner, Roslyn Litman and Martha Helmreich with regard to both the litigation and the settlement. The accountant for the class, now McGladrey LLP, especially Frank Barkan and Sue Mouck, have immensely contributed to the settlement, as did the economists David Wise and Kenneth I. Wolpin. The defense attorneys, the late George F. Heiden and Fred H. Bartlit, Jr., substantially facilitated the settlement.

      The implementation of the settlement and the distribution of settlement fund amounts was aided by countless persons who worked at the Office of the Special Master. It goes without saying that the Special Master, George L. Priest, performed indispensable continuing services during the entire period when the Settlement Fund was being distributed. Numerous difficult problems arose as the vast number of employees were allocated their appropriate shares.

      Attached as an Appendix to the Report is a proposed order releasing all participants in this litigation and settlement from any claims or liabilities related to their participation and providing for the destruction of documents related to the litigation and the files, including personal files, of all participants in the litigation. The Master recommends that the Court approve and enter this order.

      At this moment, there is a small amount of money remaining in the Settlement Fund, insufficient to pay in full the outstanding costs and fees of the attorneys and accountant for the class, but sufficient to pay the amounts reserved. By an earlier Order of this Court, the attorneys and accountant for the class were asked to submit binding promises with respect to fees and costs

for the remainder of the settlement, in particular, for the fourth and final residual distribution, amounts for which the Special Master created reserves. Several of the attorneys and especially the accountant have incurred costs and fees exceeding the amounts reserved. The Court's Order provided that the amounts exceeding the reserves be paid proportionately from remaining Settlement Fund assets. Once all of the costs and fees have been determined, the Special Master will report to the Court the disposition of the final Settlement Fund assets.

## CONCLUSION

The Court has reviewed each of the foregoing Reports and Recommendations that were filed on February 17, 2015. Pursuant to Fed. R. Civ. P. 53(f)(1), the Court approves the same and adopts as rulings of the Court (i) the Second Supplemental Report and Recommendation of the Special Master with Respect to the Waiver of Certain Settlement Payments, (ii) the Second Supplemental Report of the Special Master with Respect to Certain Class Members Overpaid during the Distribution of the Settlement, and (iii) the Report and Recommendation of the Special Master with Regard to the Termination of the Settlement.

The attorneys for the class members and for the Defendants were furnished copies of the previous Reports and Recommendations which dealt with the waiver of certain Settlement Payments and with the overpayment of certain Settlement participants and the subsequent agreement not to pursue the balance of the overpayments if the recipients applied payments subsequent to the agreement toward the balance of the overpayments. These matters were the subject of these earlier Reports and Recommendations of which detailed notice was given and which were the subject of a hearing and Court approval. The Court and the attorneys for the

parties conclude that these earlier notices and hearings constitute compliance with Fed. R. Civ. P. 53(f) with respect to the current three Reports and Recommendations.   Based on the foregoing,

**IT IS** on this 26th day of March, 2015,

**ORDERED** that the Clerk shall reopen the case; and it is further

**ORDERED** that the Clerk shall serve this Order and Opinion approving the Reports and Recommendations of the Special Master upon the above attorneys for the class members and for Defendants; and it is further

**ORDERED** that, if any interested party has any objections to any aspect of the current Reports and Recommendations, as approved and adopted in this Opinion, he or she shall advise the Court in writing within 30 days of the date of this Order and a hearing on the objections will be held; and it is finally

**ORDERED** that, absent any such objection, the Court's approval and adoption of the current Reports and Recommendations of the Special Master shall become final and the Court will enter the orders implementing the Recommendations.

                                               s/Dickinson R. Debevoise
                                               **DICKINSON R. DEBEVOISE**
                                                      **U.S.S.D.J.**

Dated:   March 26, 2015